### MARGUERITE HURLEY *v.* DONALD JOHNSTON

BALDWIN, WYNNE, DALY, ALCORN and SHAPIRO, JS.

Argued April 4—decided May 8, 1956

*Alexander Winnick,* with whom, on the brief, was Sidney Gimple, for the appellant (plaintiff).

*Cyril Coleman,* for the appellee (defendant).

BALDWIN, J. The plaintiff has appealed from a judgment rendered upon a directed verdict for the defendant which the court had refused to set aside upon the plaintiff's motion. The questions posed are whether the evidence was sufficient to go to the

jury on the allegation of malpractice and whether there was sufficient evidence of a causal connection between any malpractice and the plaintiff's injuries.

In testing the trial court's action in refusing to set aside the directed verdict, we are required to review the evidence in the light most favorable to the plaintiff. *McWilliams* v. *American Fidelity Co.*, 140 Conn. 572, 578, 102 A.2d 345; Maltbie, Conn. App. Proc., § 117. The jury could have found these basic facts: About December 25, 1951, the plaintiff noticed that the right side of her face was swelling and that there was pain between two of her right upper teeth. The swelling and pain continued until January 24, 1952, when she consulted the defendant, a dentist in New Haven specializing in the extraction of teeth. He examined her mouth and the swelling in her cheek and asked her which tooth was hurting. The plaintiff replied that it was not her teeth but her gums. The defendant said that he would "pull the worst one out." He injected novocain on each side of the gum and extracted the tooth. The plaintiff rinsed her mouth, paid for the extraction and left the defendant's office. Two or three hours later her cheek began to pain and continued to do so increasingly that night. The next day the plaintiff called the defendant's office. The defendant's nurse answered, and, after consulting with the defendant, told the plaintiff to apply heat. The plaintiff applied a hot water bottle as directed. Her cheek became red and an abscess formed upon the outer side of it. This later required operative procedure which left a permanent scar.

The plaintiff's claims of malpractice can be condensed into the following: The defendant failed to treat and reduce the abscess before extracting her tooth; he extracted the tooth while the plaintiff had

an abscess and infection in her jaw; he injected novocain when her jaw was abscessed; he failed to take any x-rays or to treat her tooth properly after the extraction.

The defendant was under a duty to exercise that degree of care, skill and diligence which dentists in the same general neighborhood and in the same general line of practice ordinarily possess and exercise in a case like the plaintiff's. *Snyder* v. *Pantaleo,* 143 Conn. 290, 292, 122 A.2d 21; 41 Am. Jur. 206, § 88. Under the circumstances of this case, proof of the breach of this duty must rest upon expert testimony that the plaintiff's condition required that a specified standard of skill and care be adhered to and that the defendant failed to conform to that standard. *Snyder* v. *Pantaleo,* supra. There was evidence that under certain circumstances the proper standard of care and treatment demanded that a serious abscess should be treated and reduced before a tooth extraction; that novocain should not be injected when the tissue involved is infected and full of pus; that under certain conditions x-rays are essential in the process of treatment; and that an abscessed tooth must be treated in a certain manner before it is pulled. There was, however, no expert testimony that the interior of the plaintiff's mouth and her gums were infected, at least to the extent that novocain should not have been used and no extraction should have been attempted. The testimony was that the infection from which the plaintiff suffered was at all times on the outside of her cheek. There was no expert testimony that the condition of the plaintiff, as she described it in her lay terms, demanded any different method or course of treatment from that which the defendant followed.

If we were to assume, without deciding, that the defendant's treatment and care of the plaintiff did fail to comply with the required standard, the plaintiff's case is fatally defective in another essential. There must be a causal connection between the malpractice which the evidence establishes and the plaintiff's injuries. *Green* v. *Stone,* 119 Conn. 300, 306, 176 A. 123; *Toy* v. *Mackintosh,* 222 Mass. 430, 432, 110 N.E. 1034; *Lippold* v. *Kidd,* 126 Ore. 160, 170, 269 P. 210; *Kuhn* v. *Banker,* 133 Ohio St. 304, 315, 13 N.E.2d 242; 41 Am. Jur. 244. The only expert testimony was that there was not and could not be any connection between the extraction of the plaintiff's tooth and the abscess and scar. It is true that the jury could disbelieve this testimony, but their disbelief could not establish that there was a causal connection. *Walkinshaw* v. *O'Brien,* 130 Conn. 151, 153, 32 A.2d 639; *Snyder* v. *Pantaleo,* 143 Conn. 290, 292, 122 A.2d 21. This disposes of the plaintiff's argument that, the surgeon who operated upon her cheek having stated in the hospital record that "[n]o direct connection was ever determined," the jury might infer that there was an indirect connection. The further statement in the hospital record that the plaintiff had a severe infection in the right cheek "coincidental" with a dental infection does not establish a causal connection either. The trial court properly refused to set aside the verdict which it had directed.

There is no error.

In this opinion the other judges concurred.