VALENS PETERS ET AL. *v.* ANDREW BILLICK

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 6—decided November 8, 1960

*Leon RisCassi*, with whom was *William Davis*, for the appellants (plaintiffs).

*Valentino D. Clementino*, for the appellee (defendant).

BALDWIN, C. J. The plaintiffs have appealed from a judgment entered upon a directed verdict, assigning error in the denial of their motion to set the verdict aside and in rulings on evidence. We review the ruling on the motion to set aside the verdict upon

the evidence, viewed in the light most favorable to the named plaintiff, hereinafter referred to as the plaintiff. *Lurier* v. *Danbury Bus Corporation,* 144 Conn. 544, 547, 135 A.2d 597. We have disregarded the evidence offered by the defendant to which the plaintiff made objection and took exception. If we assume that the admission of this evidence was erroneous, the rulings admitting it were harmless since the evidence is immaterial to the determination whether the plaintiff made out a prima facie case. We will comment later concerning the rejection by the court of evidence offered by the plaintiff in rebuttal.

The jury could have found the following facts: On September 25, 1956, at about 3:45 p.m., the defendant was driving a 1953 Ford automobile west on Pitkin Street in East Hartford. The portion of Pitkin Street involved is thirty feet wide between curbs and substantially straight and level. The south side of the street is given over to commercial uses, and the north side is residential. The defendant was coming home from work. His speed was fifteen to twenty miles an hour. A line of traffic was proceeding in both directions. A public school, the Meadow School, is located in the neighborhood, north of Pitkin Street. Signs warning "Slow—School" were posted on Pitkin Street, and the defendant was well aware of this, having used the street frequently. The visibility was good. The defendant's windshield was a little dusty, but he could see beyond Darling Street, the intersecting street next west of East Street, which he was then approaching. He did not see the plaintiff, an eleven-year-old pedestrian, prior to the collision with him. As the defendant was driving along, about three feet from the north curb, he heard a thud on the right

side of his windshield, and a shadow passed by. He applied his brakes, stopped his car and, looking in the mirror, saw the plaintiff lying in the roadway. There were no skid marks. The defendant's car came to a stop sixty-four feet from the place of impact. The defendant had given no warning to the plaintiff prior to the collision. The plaintiff suffered, among other serious injuries, a retrograde amnesia and could not recall any of the circumstances of the accident. The windshield of the defendant's car was shattered on the right side, and the radio antenna was sheared off. The plaintiff, who was about five feet four inches tall and weighed approximately one hundred pounds, attended the Meadow School. After the accident, the left shoulders of his shirt and his jacket were torn, and there was a grease mark on his left trouser leg.

For the case to go to the jury, there must be sufficient evidence of the defendant's negligence to remove that issue from the field of surmise and conjecture and to support a verdict. *Palmieri* v. *Macero,* 146 Conn. 705, 708, 155 A.2d 750; *Bruce* v. *McElhannon,* 141 Conn. 44, 48, 103 A.2d 335; *Latham* v. *Hankey,* 117 Conn. 5, 10, 166 A. 400. The test is whether the evidence, "fairly and impartially considered, would be likely to induce in the minds of twelve men of ordinary intelligence attentively considering it and using common sense logic 'a reasonable belief that it is more probable than otherwise that the fact in issue is true.'" *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 420, 101 A.2d 491, quoting *LeBlanc* v. *Grillo,* 129 Conn. 378, 382, 28 A.2d 127; *Mott* v. *Hillman,* 133 Conn. 552, 555, 52 A.2d 861. The evidence here, viewed in the light most favorable to the plaintiff, failed to meet this test.

The plaintiff attempted to call Albine Gagnon in rebuttal to testify concerning the dimensions of a 1953 automobile like that of the defendant. The plaintiff claimed that Gagnon's testimony not only would demonstrate that certain dimensions of the defendant's automobile as given by a defendant's witness were incorrect but would bear on the question whether the plaintiff could have been injured by striking the windshield and shearing off the radio antenna, and also upon the credibility of Theron H. Crandlemire, a defendant's witness who was driving the car immediately behind that of the defendant. Crandlemire testified that the plaintiff stepped off the north curb into the side of the defendant's car. If the testimony of Gagnon had been received, the plaintiff's evidence would still fall short of proving any negligence by the defendant. Even if the plaintiff showed that his collision with the defendant's automobile did not occur in the manner suggested by the broken windshield and antenna, he would be obliged to offer evidence of the way in which the collision did occur, to prove the negligence of the defendant. The plaintiff had, at all times, the burden of proof on that issue. And he could not establish another version of the occurrence merely by disproving the only version supported by, and consistent with, the verbal testimony and physical facts. *Snyder* v. *Pantaleo,* 143 Conn. 290, 294, 122 A.2d 21; *Hurley* v. *Johnston,* 143 Conn. 364, 367, 122 A.2d 732. There was no harmful error in the rejection of the testimony of Gagnon.

There is no error.

In this opinion the other judges concurred.