MARY L. BURKE *v.* MORRIS C. FANCHER

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued May 7—decided May 20, 1964

*Harry Hammer,* for the appellant (plaintiff).

*Bradley B. Bates,* with whom, on the brief, were *Charles W. Page* and *Philip S. Walker,* for the appellee (defendant).

ALCORN, J.  The plaintiff brought this action to recover damages for injuries claimed to have been sustained as a result of the alleged malpractice of her dentist, the defendant, in extracting her teeth and fitting her with dentures.  A jury trial resulted in a verdict for the defendant.  The plaintiff has appealed from the judgment rendered on the verdict, claiming error in the charge and in a ruling on evidence.

It was the plaintiff's claim of proof that the defendant performed a surgical procedure called an alveoloplasty at the time the teeth were extracted. This procedure consisted of trimming and smoothing bony tissues, removing diseased gum tissue, and suturing the gums to facilitate the immediate fitting of dentures.  The asserted malpractice was the defendant's alleged failure to give the plaintiff the proper postoperative care and treatment following the alveoloplasty.

In order to recover, the plaintiff had the burden of proving that the defendant failed to exercise the degree of care, skill and diligence which dentists in the same general neighborhood and in the same general line of practice ordinarily possess and exercise in like cases. *Hurley* v. *Johnston,* 143 Conn. 364, 366, 122 A.2d 732; *Ardoline* v. *Keegan,* 140 Conn. 552, 556, 102 A.2d 352.  The plaintiff requested the court to charge in four particulars concerning the duty which this standard imposed on the defendant to furnish postoperative care. The plaintiff did not offer expert testimony specifically stating what care or treatment her condition required in order to

meet the standard by which the defendant's conduct was to be tested. Nor did she offer expert testimony to the effect that the defendant had failed to meet that standard. Instead, she offered evidence of what was done by other dentists who treated her after she had ceased to consult the defendant. The apparent purpose was to furnish, by this comparison, a basis on which the jury could draw an inference of malpractice. In line with this evidence, the plaintiff requested the court to charge, in substance, that proof by specific expression of expert opinion critical of the defendant's course of treatment was not required so long as the jury could determine, on the basis of expert opinion, what duty was required of the defendant and whether it had been breached by him. The court did not charge in the express language of any of the requests. The charge did, however, properly and adequately cover the substance of all the requests concerning both the standard of professional care required of the defendant and the elements of proof necessary to establish a violation of that standard.

The plaintiff also assigns error in a portion of the charge in which the court observed that it did not recall expert testimony that the defendant's treatment had deviated from the methods approved by the standards of his profession in his area. The court has a wide discretion in commenting on the evidence so long as it does not invade the fact-finding province of the jury. *Quednau* v. *Langrish,* 144 Conn. 706, 710, 137 A.2d 544. Earlier in the charge, the court had, explicitly and in detail, emphasized to the jury that it was their sole province to deal with the facts and that comments by the court were suggestive only. This statement was reiterated elsewhere in the charge and at the time of

the making of the comment in issue. Read in context, the allusion intended by the court is clear, and, in view of the aforementioned method of proof adopted by the plaintiff, the language objected to amounted to no more than fair comment.

Two objections are made to portions of the charge relating to the causal connection between the defendant's claimed wrongful conduct and the plaintiff's claimed injuries and damage. The first portion objected to amounted only to a legitimate comment on the evidence, and the second was a stricture to the jury to disregard certain medical bills. The latter requires no discussion in view of the fact that the jury found against the plaintiff on the issue of liability. *Sears* v. *Curtis,* 147 Conn. 311, 313, 160 A.2d 742.

The ruling on evidence which is assigned as error is the court's refusal to admit into evidence a record of a criminal conviction offered for the purpose of impeaching the defendant's credibility. The plaintiff had called the defendant as a witness for the purpose of showing the course of treatment he had pursued in her case as a preliminary step to comparing it with the treatment pursued by the other dentists to whom the plaintiff subsequently turned. At the conclusion of the defendant's testimony, the plaintiff offered the record of conviction to impeach his credibility. It was objected to on the ground that the record was of a judgment from which an appeal was pending. It is unnecessary to decide the correctness of the court's ruling because it was harmless; or perhaps it is more accurate to say that the plaintiff stood to suffer greater harm had the evidence been admitted, because its greatest effect would have been to give the jury a basis for disbelieving the defendant. Disbelief of the defendant's

testimony would not permit the jury to believe the opposite of that testimony. *Snyder* v. *Pantaleo,* 143 Conn. 290, 294, 122 A.2d 21; *Peters* v. *Billick,* 147 Conn. 699, 703, 166 A.2d 146. The witness who knew all the details of what the defendant had done in treating the plaintiff was the defendant himself. If the jury disbelieved him, then, to the extent of that disbelief, elements of the plaintiff's case with which to compare the treatment by other dentists would disappear.

Two other assignments of error do not require discussion. In one, objection is made because the court failed to caution the jury to disregard incidents which occurred during the arguments. The arguments were not transcribed, and the finding discloses nothing to require a caution to the jury. The other assignment of error relates to a portion of the charge already discussed.

There is no error.

In this opinion the other judges concurred.