STATE OF CONNECTICUT v. THOMAS ZAGORA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 12-45619

Argued December 1, 1969—decided January 16, 1970

*Harry Hammer,* of Rockville, for the appellant (defendant).

*John N. Lombardo,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant, having been found guilty of violating § 14-227a of the General Statutes in a trial to the jury, has appealed. He has assigned error in the denial of his motions for judgment notwithstanding the verdict in accordance with his motion for a directed verdict, to set the verdict aside on the ground that it was not supported by the evidence, and to set the verdict aside on the ground that it was contrary to law; in the court's failure to correct the finding; in the court's charge; and in certain rulings on evidence.

We first consider the assignment of error directed to the court's refusal to correct the finding. In the beginning, it should be noted that a finding in a jury case is simply a statement of relevant facts claimed to have been proved, and it is designed for the purpose of testing the charge. Practice Book § 996; Maltbie, Conn. App. Proc. § 160. We have examined this assignment of error and are satisfied that the finding furnishes a fair and adequate basis for testing the errors claimed by the defendant to have been made in the charge, and therefore no corrections are warranted.

We now come to the assignment of error directed to the court's ruling on evidence. This assignment of error may be summarily disposed of in all but one instance, for the defendant has failed to comply with the requirements of §§ 1006 and 989 (4) of the Practice Book. Our rules provide that an assignment of error relating to rulings on evidence shall refer to an annexed exhibit which shall set forth the question, objection, answer, if any, and exception. The exhibits annexed by the defendant merely set forth in narrative form, without questions, answers, objections, and exception, his version of what he claims to have occurred. The one instance in which the defendant complied with the rules relates to the redirect examination of the defendant by his counsel as follows: "Now, Mr. Zagora, you say you observed this other party that was involved in the accident, car one. Did he arrive at the police station?" The state objected, claiming irrelevancy, and was sustained. It appears that the other party, Polanski, operator of the first of three cars involved in the accident leading to the defendant's arrest, was also arrested for operating under the influence. The defendant claims that he had a right to offer evidence as to the condition of Polanski. Thereafter, the defendant's attorney addressed the court as fol-

lows: "Is Your Honor's ruling at the present time that the fact a test may have been administered at about the same time has no relevancy in this case?" The court: "Has no relevancy, and I will use that in my charge instructions insofar as it may pertain to the jury's determination that there may have been a mistake." The defendant's attorney: "That is the only purpose I am using it for." The defendant appeared to be satisfied with the statement by the court, for the colloquy ended as follows: The defendant's attorney: "As long as your charge will reflect that point that you mentioned here." The court: "It will reflect the point . . . ." "The court has a wide discretion in its rulings on the relevancy of evidence. . . . At times, the evidence offered may be relevant, but its relevance may be so slight and inconsequential that to admit it would distract attention which should be concentrated on other evidence which bears directly on vital points." *State* v. *Bassett,* 151 Conn. 547, 551. The evidence excluded appears to have had little, if any, probative value on the question whether the defendant violated § 14-227a of the General Statutes, and the court's ruling was not improper.

The defendant made several requests to charge and claims that the court refused so to charge and thereby committed error. "If a properly composed request to charge is submitted to the court, it would be error for the court to refuse it." *Penna* v. *Esposito,* 154 Conn. 212, 214. Of course, if the charge is accurate and adequate and in substance included the material portions of the request, although not in the identical language, no error has been committed. *Mace* v. *Conde Nast Publications, Inc.,* 155 Conn. 680, 687. Among other requests to charge was the following: "If you accept the testimony of the expert witness [Dr. Stolman, the state toxicologist] for the state that the percentage of carbon dioxide

in the alveolar air may vary and is influenced by a variety of conditions such as food in the stomach, posture, activity, etc., you may also consider the fact that the margin of error would be about 15 percent, which in turn would reduce the alcohol concentration in the blood of this accused to less than fifteen-hundredths of one percent alcohol." The testimony of Dr. Stolman included no percentage of a margin of error. When asked by the defendant upon what conditions a margin of error would be computed, Dr. Stolman answered: "If the individual had just finished vomiting and they gave him the test, you can eliminate the analysis completely. If the individual is a diabetic and not under control, that would affect the results. If the individual had just finished drinking and he took the test, you can eliminate the test then and there, because the officer didn't wait ten or fifteen minutes because it would affect the results." The only other condition which would affect the results, as testified to by the doctor, would be the panting of an individual at the time of a test. There was no evidence that any of those conditions existed here. A request to charge must be directly applicable to the evidence in the case. *Roberts* v. *New York, N.H. & H.R. Co.*, 107 Conn. 681, 687. This request was properly refused.

Certain other requests were adequately covered in the charge; for instance, the defendant requested that the jury be charged that the defendant's ability to operate a motor vehicle was dependent on the effect which results from alcohol and not the quantity consumed. In this respect the court charged: "This statute does not make it a crime for a person to drive his automobile after he has been drinking. Nor has it specified the number of drinks which one might take in order to produce that state which is defined to be under the influence of intoxicating liquor." The defendant further requested

the court to charge in respect to the "chemical test" to which the defendant had submitted at the state police barracks. While the request is not clear, it would appear to be limited to certain essentials claimed to be required by statute in the collection of the specimen in the field, rather than to the essentials required at the time of the analysis in the state laboratory. There is no requirement that the person collecting the specimen in the field must be certified by the state department of health, nor is it required that the collecting equipment be checked within thirty days before the test by the department of health. Such requirements relate only to the laboratory operator and the device used during the analysis in the state laboratory. *State* v. *Novotasky,* 5 Conn. Cir. Ct. 326, 328. The request was not an adequate statement of our law and was properly refused. *State* v. *Manganella,* 113 Conn. 209, 218. The directions accompanying each collection kit used in the field were introduced by the defendant through Dr. Stolman, who testified as follows on cross-examination. "Q.—And they [police] are required to follow these instructions, is that correct, Dr. Stolman? A.—They are suggestions that they follow these." Thus the jury had the benefit of the suggested steps to be followed in collecting the specimen, and such suggestions were in no way related to the requirements claimed by the defendant, for the latter relate only to the laboratory analysis.

The defendant further requested that the jury be instructed that he must be informed by the arresting officer that he, the defendant, had the right to have an additional chemical test performed. The record indicates he was so advised, and furthermore the defendant testified that he was so informed. An omission to charge on an undisputed fact is harmless. *Case* v. *Clark,* 83 Conn. 183, 195.

The defendant further requested that the jury be instructed that the absence of Polanski raised a presumption that had he appeared his testimony would be unfavorable to the state. It was not "within the sole or peculiar power" of the state to produce this witness. The witness was available to both parties; *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 674; and no error was committed in the refusal of the court to charge on this subject.

The defendant took certain exceptions to the charge, including the instruction as it related to the testimony of Frank Hecker, the operator of the second of three cars involved in the accident and a witness for the state. The defendant was the operator of the third or last car, all of which were traveling in the same direction on the highway. Specifically, the defendant claimed that the court's language eliminated Hecker's testimony from the jury's consideration. The defendant in his exception stated that Hecker had testified that it was an unavoidable accident, and the defendant's counsel, in taking exception, continued: "I think certainly that it is material and if it isn't it should be, and if the effect of your instructions was to eliminate his answer of yesterday, I feel that it was prejudicial." Hecker had also testified: "Well, all I saw was the car [operated by Polanski] coming back at me when I was already stopped." There was no evidence that Hecker had seen the defendant's car prior to the accident, and his opinion that the defendant could not have avoided the accident in such circumstances had little or no probative value. The court instructed the jury on this subject as follows: "Mr. Hecker's testimony that he expressed an opinion that he didn't think it was Mr. Zagora's fault is, of course, entirely irrelevant and immaterial. You will therefore, consider only such evidence with respect to the accident as it throws light if any, upon the

manner of the defendant's driving as it relates to the issue of driving while under the influence of intoxicating liquor." The charge on this subject was correct and adequate. It directed the jury to consider the evidence in this respect as it related to the issue involved. Matters immaterial to the issue should be excluded. *Radwick* v. *Goldstein,* 90 Conn. 701, 709.

The defendant further excepted to the court's charge as it related to the testimony of Trooper Porter, claiming that his testimony, as adduced on direct examination, describing the defendant's condition should have been "removed from the case by reason of the officer's admission on cross-examination that his recollection was hazy and that the best evidence was his past recollection as recorded in defendant's exhibit . . . [Alcoholic Influence Report Form, made by the trooper at the police station] to which no reference whatsoever was made by the court in the charge in spite of its admitted inconsistency with the officer's prior testimony." The charge briefly summarized the trooper's testimony, and the instructions were not inconsistent with the written statements appearing in the defendant's exhibit. While it is true, as asserted by the defendant, that on direct examination the trooper characterized the defendant's attitude as "carefree," whereas in his report he used the word "sleepy," the trooper admitted that the best evidence was his past recollection, and the jury had the benefit of that recollection as set forth in the exhibit. The charge sufficiently stated the principle that it was the function of the jury to decide the facts. *Burke* v. *Fancher,* 151 Conn. 640, 642.

The defendant took further exception to the charge as it related to the testimony of Dr. Stolman and claimed the court should have made refer-

ence to the fact that the doctor received two samples at about the same time. The relevant issue was whether Dr. Stolman received a specimen correctly identified as that of the defendant and thereafter analyzed it according to accepted standards. The court's instruction on this subject was proper. The defendant also claimed, under this assignment, that the court erred in not instructing the jury on the absence of evidence relating to the rechecking of the field testing device by the state laboratory. In respect to the rechecking or the reweighing of the field kit by the state laboratory, Dr. Stolman was asked by the defendant: "Dr. Stolman, are you familiar with the requirement of reweighing these devices at intervals?" Dr. Stolman: "There is no requirement. We simply suggest to them that they bring it back and not to keep it too long, because it might be — as a matter of fact some we collected and we found no change whatsoever." Thus there was no evidence that any statutory requirement or regulation compelled the police to return the kit to the state laboratory at certain intervals. The court cannot charge as to facts which have no support in the evidence. *State* v. *Tomassi,* 137 Conn. 113, 126.

The defendant excepted to the charge as it related to the fact that the troopers were conducting two tests at the station at approximately the same time, one involving the defendant and the other involving Polanski. The defendant advanced the hypothesis that there may have been a mix-up in the results of the two tests. The court's charge on this subject was more favorable to the defendant than he was entitled to, since there was no evidence of a mix-up. The court acted properly in refusing to charge on a hypothetical proposition unsupported by the evidence. *Temple* v. *Gilbert,* 86 Conn. 335, 341.

Other assignments of error, such as those relating to the verdict, were not briefed and may be considered as having been abandoned. *State* v. *Jones,* 124 Conn. 664, 665; Maltbie, Conn. App. Proc. § 327.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.