FLORENCE VINCHIARELLO, ADMINISTRATRIX (ESTATE OF DOLORES THORPE) *v.* NIRMAL KATHURIA ET AL.
(6708)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Submitted on briefs December 15, 1988—decision released May 16, 1989

*Zbigniew S. Rozbicki* filed a brief for the appellant (plaintiff).

*Jack G. Steigelfest, Roland F. Young III* and *Constance L. Epstein* filed a brief for the appellees (defendants).

FOTI, J. In this medical malpractice action, the plaintiff administratrix appeals from the judgment rendered, after a jury trial, in favor of the defendants, Nirmal Kathuria, a psychiatrist, and the Charlotte Hungerford Hospital. The plaintiff claims three errors in the trial court's instructions to the jury. We find no error.

The jury could reasonably have found the following facts. On July 13, 1983, Delores Thorpe died as a result of a self-inflicted overdose of the drug Asendin which was prescribed by the defendant Kathuria. The defendant Kathuria is employed by the hospital, and treated Thorpe for approximately five years prior to her suicide. Thorpe had a history of mental and emotional problems and, in the six years prior to her death, had attempted suicide five times. Kathuria began prescribing Asendin to Thorpe on June 3, 1982, in fifty milligram tablets of one hundred units and, on June 23, 1983, increased the dosage to one hundred tablets of one hundred milligrams. Thorpe spent

some time as an inpatient at the hospital between 1978 and 1981. Following her discharge on May 8, 1981, Kathuria continued to treat Thorpe, as an outpatient, at the hospital psychiatric clinic.

The plaintiff claims that the trial court made three errors in its charge to the jury: (1) in charging the jury not to consider the theory of negligence set forth in subparagraph 11 (b) of the complaint; (2) in its instruction on the issue of timeliness with respect to subparagraph 11 (c) of the plaintiff's complaint; and (3) in instructing the jury not to consider the defendants' failure to keep adequate medical records. We find no error in the court's charge.

The following procedural facts are relevant to the first issue. The plaintiff's complaint set forth five theories of negligence.[1] Subparagraph 11 (b) of the complaint alleged

[1] Paragraph 11 of the plaintiff's amended complaint sets forth the following allegations: "The plaintiff's decedent's described ingestion and overdoses of said drugs and the resulting suffering and death were directly and proximately caused by the defendants' negligence. The said defendants failed to exercise that degree of care and skill ordinarily exercised by a psychiatrist engaged in the practice of psychiatry in the State of Connecticut in one or more of the following ways:

"a) They prescribed and dispensed the drug Asendin in a large dosage and amount and thereby ignored the necessary precaution and such drug should only be prescribed in the smallest suitable amount to patients with severe depression and history of suicide attempts and threats.

"b) They prescribed and dispensed said drug in large dosages and amounts on an outpatient basis without proper supervision, control and restriction on the dosage and amount of said drug to the plaintiff's decedent in light of the decedent's reoccurring severe depressive state and past history of suicide attempts.

"c) They failed to provide Dolores Thorpe with proper and timely psychiatric care and treatment.

"d) They prescribed and/or dispensed said drug in such large dosages and quantity that the same was dangerous and potentially lethal when they knew, or should have known, of past suicide attempts by this patient with other prescribed drugs for depression. They knew or should have known,

that the defendants were negligent in that they prescribed and dispensed the drug Asendin to Thorpe in large dosages "as an outpatient without proper supervision, control and restriction on the dosage and amount of said drug to the plaintiff's decedent in light of the decedent's recurring severe depressive state and past history of suicide attempts." Paragraph 11 (e) of the plaintiff's complaint, which was abandoned by the plaintiff during the trial, alleged that the defendants were negligent in that "[t]hey prescribed and/or dispensed said drug to the plaintiff's decedent in the described dosages and amounts without control and supervision when due care, under the described circumstances, required such dosages and amounts only be administered in a hospital with professional supervision and control."

The trial court concluded that subparagraphs 11 (e) and 11 (b) of the complaint alleged the same theory of negligence and interpreted subsection 11 (b) of the complaint to aver that "Asendin should only have been prescribed and administered in a hospital environment and not provided on an outpatient basis." Because the plaintiff presented no evidence on the issue of whether Asendin should be prescribed only on an inpatient basis, the trial court instructed the jury to ignore those allegations of negligence. The plaintiff excepted to the charge claiming that the court had misinterpreted subparagraph 11 (b) of her complaint. The plaintiff argued that, although the emphasis in subparagraph 11 (e), which was abandoned, was that the defendants were negli-

that said drug, under the described circumstances, with its pharmaceutical properties and precautions, was likely to cause death if taken in overdose amounts by a patient.

"e) They prescribed and/or dispensed said drug to the plaintiff's decedent in the described dosages and amounts without control and supervision when due care, under the described circumstances, required that such dosages and amounts only be administered in a hospital with professional supervision and control."

gent in prescribing and dispensing Asendin to an out-
patient, subparagraph 11 (b) alleged negligence in the
defendants' failure to monitor properly Thorpe's inges-
tion of the drug.

The plaintiff concedes that there was no evidence pre-
sented at trial to establish that Asendin should only be
prescribed to inpatients. The plaintiff claims that the
trial court erred in interpreting subparagraph 11 (b)
of the complaint to be limited to the issue of whether
the drug should have been prescribed only for inpatient
treatment and thereby directing a verdict for the
defendant on that theory of negligence, as well as on
the theory that the defendants were negligent in fail-
ing to monitor properly Thorpe's care. We do not have
to decide whether the trial court erred in its interpre-
tation of subparagraph 11 (b) because we conclude that
its decision to direct a verdict on the "monitoring" the-
ory of negligence was nevertheless appropriate. The
plaintiff did not present any evidence that the defend-
ants' failure to monitor and supervise Thorpe was the
proximate cause of her death. Thus, under either inter-
pretation of subparagraph 11 (b), a directed verdict was
appropriate. We will not reverse the trial court where
we find it reached the correct result. *Rostenberg-Doern
Co.* v. *Weiner,* 17 Conn. App. 294, 301, 552 A.2d 827
(1989).

In a medical malpractice action, "the plaintiff must
present medical expert testimony to establish that the
defendants' treatment and care fell short of the
required standard [of care] and that the breach proxi-
mately caused the plaintiff's injury. . . . 'In Connect-
icut, both [the] breach of the standard of care and
proximate cause must be proved by expert testimony.'
*Campbell* v. *Pommier,* 5 Conn. App. 29, 32, 496 A.2d
975 (1975). 'It is well settled that the plaintiff cannot
prevail unless there was positive evidence of an expert
nature from which the jury could reasonably conclude

that the defendant was negligent, except where there is manifest such gross want of care or skill as to afford, of itself, an almost conclusive inference of negligence that the testimony of an expert is not necessary.' *Puro* v. *Henry,* 188 Conn. 301, 305, 449 A.2d 176 (1982); *Console* v. *Nickou,* 156 Conn. 268, 273–74, 240 A.2d 895 (1968)." (Citation omitted.) *Perez* v. *Mount Sinai Hospital,* 7 Conn. App. 514, 520, 509 A.2d 552 (1986).

The plaintiff's expert testified that Kathuria did not follow an established treatment plan for the decedent's care between June 24, 1982, and June 24, 1983, and that the number of times Kathuria treated Thorpe during this time fell below the community standard of care. The plaintiff's expert did not testify, however, that in his opinion there was a causal relationship between Thorpe's suicide and Kathuria's failure to monitor her care more frequently. Because the plaintiff did not offer expert testimony to establish that, while the decedent was an outpatient, untimely, improper or inadequate monitoring of the decedent's care was a substantial factor in causing her death, the trial court acted properly in directing a verdict for the defendants on that issue.

The plaintiff's next claim is that the trial court erred in instructing the jury that it did not recall any evidence of "untimely" treatment as claimed in subparagraph (c) of the complaint.[2] We disagree. Although the court commented that it could not recall evidence that a fail-

---

[2] The court's instructions were as follows: "Now, as far as paragraph c is concerned, they failed to provide Dolores Thorpe with proper and timely psychiatric care and treatment.

"In that regard, that is a general allegation which goes into the other two specific allegations of whether or not the psychiatric care, which was provided to Dolores Thorpe, was proper.

"I do not recall evidence that would result in the proximate cause of this patient's death of not being in a timely fashion, but again, those are factual inferences for you to determine and bear in mind as you consider the entire charge.

ure to provide timely care was a proximate cause of the decedent's death, it left the ultimate duty of fact-finding to the jury. In reviewing jury instructions the test is whether the charge as a whole fairly presented the case so that no injustice was done. *Van Steensburg* v. *Lawrence & Memorial Hospitals,* 194 Conn. 500, 507, 481 A.2d 750 (1980). We conclude the jury charge, read as a whole, sufficiently stated the principle that factual determinations are for the jury to decide, and that the jury was fairly apprised of its obligation to determine whether the plaintiff proved that the defendants' acts caused the decedent's death.

The plaintiff's last claim is that the trial court erred in instructing the jury not to consider any failure by the defendants to keep accurate records as evidence of negligence. Because the plaintiff did not allege that the defendants' failure to keep proper records was a substantial factor in causing Thorpe's death, the trial court, throughout the course of the trial, did not permit the plaintiff to introduce evidence on that issue,[3] and denied her request to charge.

The trial court was justified in limiting its charge to those theories specifically pleaded by the plaintiff. " ' "It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." ' (Citations omitted.) *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 705, 462 A.2d 376 (1983). 'What is in issue is determined by the pleadings and

---

"If you find that either subparagraph a or d constituted a duty of care owed to Dolores Thorpe by Dr. Kathuria, and if you further find that it is more likely than not that the death of Dolores Thorpe resulted from the defendant's failure in one of the respects, or one of these failures was a substantial factor in the production of her death, then the plaintiff will have prevailed on the issue of negligence."

[3] The plaintiff does not challenge the trial court's evidentiary rulings excluding evidence regarding the defendants' record keeping. Consequently, we will not review those rulings. Practice Book § 4185.

these must be in writing.' *Telesco* v. *Telesco,* 187 Conn. 715, 720, 447 A.2d 752 (1982). Once the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein. . . . A judgment upon an issue not pleaded would not merely be erroneous, but it would be void." (Citation omitted.) *Tehrani* v. *Century Medical Center,* 7 Conn. App. 301, 308, 508 A.2d 814 (1986). We conclude, therefore, that because the plaintiff did not plead the issue of inadequate record keeping and, as a result, was not allowed to present evidence to support that claim, it was not error for the trial court to instruct the jury not to consider that issue.

There is no error.

In this opinion the other judges concurred.