[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION TO COMPEL (#296)
This is a medical malpractice action brought by the plaintiffs, Armand and Eleanore Mailloux, against the defendants, Dr. Robert L. McDonald, M.D., Dr. Peter Anderson, M.D., Dr. John Haxo, M.D., and The New Milford Hospital, ("the Hospital"). The plaintiffs allege that Mr. Mailloux incurred injuries as the result of the defendants' failure to exercise the requisite medical care and skill in treating his intestinal problems.
On October 12, 1990 the Hospital disclosed Dr. Gene Coppa. M.D., as its expert to testify regarding the standard of care and causation as to the hospital only. The Disclosure of Expert Witness stated, inter alia, that:
 Dr. Coppa is expected to testify that the defendant, Hospital, its servants and agents, met the requisite standard of care and did not cause the plaintiff's injuries as alleged.
Hospital's Disclosure of Expert Witness, October 12, 1990.
Dr. Coppa's deposition was taken by the plaintiff on January 24, 1992. At said deposition, counsel for the plaintiffs repeatedly asked Dr. Coppa for his opinions regarding the care and treatment provided Mr. Mailloux by the other defendants to this action. Subsequent to each such inquiry, the Hospital's counsel objected and instructed Dr. Coppa not to respond. Dr. Coppa complied with these instructions.
On March 6, 1992, the plaintiffs filed a motion to compel Dr. Coppa to appear at a continuation of his deposition and answer certain questions which he refused to answer at his January 24, 1992, deposition.
The specific issue before this court is whether Party A may compel an expert witness for Party B to testify as to opinions he holds relating to the conduct of Party C, for whom he has not been disclosed CT Page 3747 as an expert. There does not appear to be any specific guidance on this issue from our appellate and supreme courts.
The rules of discovery are designed to make a "`trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Sturdivant v, Yale-New Haven Hosp., 2 Conn. App. 103, 106, 476 A.2d 1074 (1984) quoting United States v. Proctor Gamble, 356 U.S. 677, 682,78 S.Ct. 983,2 L.Ed.2d 1077 (1958). Except in cases of gross negligence, the plaintiff in a medical malpractice action must proffer "medical expert testimony to establish that the defendants' treatment and care fell short of the required standard [of care] and that the breach proximately caused the plaintiff's injury." Perez v. Mount Sinai Hosp., 7 Conn. App. 514,520, 509 A.2d 552 (1986); Hurley v. Johnston, 143 Conn. 364,367, 122 A.2d 732 (1956); Vinchiarello v. Kathuria, 18 Conn. App. 377,381, 558 A.2d 262 (1989).
Practice Book 220 provides the scope of discovery regarding experts. Practice Book 220 does not provide for deposing experts. Rather, deposition standards are outlined in Practice Book Sections 242, et seq. An expert has been defined as one "professionally acquainted with the science or practice in question." Perez, supra, 518, quoting Bryan v. Branford, 50 Conn. 246, 248 (1882). See also Weinstein v. Weinstein, 18 Conn. App. 622, 634, 561 A.2d 443 (1989), An expert is also defined as "[a] person with a high degree of skill in or knowledge of a certain subject." The American Heritage Dictionary 477 (2d College ed. 1982).
As was noted, supra, expert discovery is limited in scope by Practice Book 220. That section states, in pertinent part, that:
 Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of Sec, 218 and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
 (A)(1) A party may . . . require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject-matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. . . .
 (B) A party may discover facts known or opinions held by an expert who had been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial only as provided in Sec. 229 or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same CT Page 3748 subject by other means,
 (D) In addition to and notwithstanding the provisions of subsections (A), (B) and (C) of this section, any plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within 60 days from the date the case is claimed to a trial list. Each defendant shall disclose the names of his or her experts in like manner within 120 days from the date the case is claimed to a trial list. If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection, or if an expert witness who is expected to testify is retained or specially employed after that date, such expert shall not testify except in the discretion of the court for good cause shown. (Emphasis added.)
Practice Book 220(A)(1), (B), (D).
Thus, pursuant to Practice Book 220, supra, discovery of expert opinions can be obtained under two circumstances: (1) When a person has been disclosed as an expert who is expected to be called as a witness at trial; Practice Book 220(A); and (2) when an expert is retained by a party in anticipation of litigation, but is not expected to testify. Practice Book 220(B). However, as was noted, supra, discovery of an expert's opinions pursuant to subsection (B) is contingent "upon a showing of exceptional circumstances-under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Practice Book 220(b).
Despite the lack of articulation by the courts on the issue before this court, it appears axiomatic that where depositions proceed as to disclosed experts, said depositions are to be held within the context of the disclosure, See, e.g., Sturdivant, supra, 105-06 (where the courts in reviewing the trial court's findings, found that "the subject matter with respect to which [the expert] was to [be deposed] was the `standard of care and departures from the standard of care.'") This court can, infer from the decision in Sturdivant that the Sturdivant court approved of the "[d]efense counsel limit[ing] the scope of his inquiry at deposition to the disclosed subject matter of the testimony expected at trial." Sturdivant, supra, 105-06. Such an inference and, consequently, such a finding, furthers the purpose of depositions and discovery in general, specifically, the "facilitat[ion] [of] the discovery of information relevant to a pending suit." Sanderson v. Steve Snyder Enterprises. Inc., 196 Conn. 134, 139,491 A.2d 389 (1985). Indeed, the primary purpose of a deposition taken in accordance with our rules of practice is discovery. Id. Because an expert is, as was noted, supra, "[a] person with a high degree of skill in or knowledge of a certain subject," The American Heritage Dictionary, CT Page 3749 supra, and because that "certain subject" is the area for which the expert was disclosed, to permit an expert to testify on matters outside of his disclosed area of expertise is contrary to the discovery of information-relevant to a pending suit.
It should be noted that, with the exception of subsection (D), Practice Book 220 is virtually identical to Federal Rule 26(b)(4). W. Moller and W. Horton, Connecticut Practice Book Annotated (1989 Supp. 1990) ("Moller Horton"), p. 397; Matzkevich v. Waterbury Hosp. Health Center, 5 CSCR 298 (March 16, 1990, Murray, J.) Consequently, federal authority pertaining to Rule 26(b)(4) is helpful in resolving the matter before this court. Moller and Horton, supra. In Bailey v. Meister Brau, Inc., 57 F.R.D. 11, 13-14 (N.D.Illinois, 1972), the court, McLaren, J., encountered a similar situation. In Bailey, supra, the plaintiff notified the defendants that "Expert I," retained by the plaintiff in preparation for trial, would give testimony limited to the value of MB stock involved in this case, and that another expert would be called on the issue of Company B's value. The defendants then sought to depose Expert I on the question of the value of Company B.
The court, in analyzing this problem, stated that:
 The initial determination to be made is whether, for the purpose for which defendants seek to depose him, [Expert I] is to be treated as `a person whom the other party expects to call as an expert witness at trial' under Rule 26(b)(4)(A)(i) [Connecticut's Practice Book 220(A)(1)] or `an expert who has been retained or specially employed. . . in preparation for trial and who is not expected to be called as a witness at trial under subparagraph (B) [Connecticut's Practice Book 220(B)]. The rule itself does not speak specifically to the problem of whether an expert who is expected to testify as to matters other than those which the opposing party seeks discovery is covered by (A) or (B), nor does the Advisory Committee Note to the 1970 Amendments which added these provisions . . . Two commentators have suggested, however, that discovery under (A) should be limited to those opinions which the expert is expected to give at trial. 8 C. Wright A. Miller, Federal Practice and Procedure 254 n. 78 (1970); Note, Discovery of Experts: A Historical Problem and a Proposed FRCP Solution, 53 Minn. L.Rev. 785, 803-04 (1969).
Id. 13-14.
The court favored the view espoused by the "two commentators," noting that such a view "serves the Advisory Committee's purpose of allowing discovery of expert opinion to allow improved cross-examination and rebuttal of such testimony." Id., 14. The court then held that "[w]here. . . the expert is not expected to testify as to the matters upon which defendants seek to depose him, the purpose behind the greater CT Page 3750 discovery allowed by (A) would not be served." Id.
In discussing the same issue as it is governed by subsection (B), the court stated that "[t]he Rule clearly contemplates a showing that a party has found opinions by others on the subject to be unavailable before he may obtain discovery from his opponent's retained expert who is not expected to be called to testify on the same subject." Id. Similarly, pursuant to Connecticut's Practice Book 220(B), a party must show "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Practice Book 220(B). In the present matter, as in Bailey, supra, the plaintiffs have made no attempt to show the existence of any such exceptional circumstances pursuant to which it is impractical for them to obtain facts or opinions on the same subject by other means. Practice Book 220(B). Indeed, defendant Haxo disclosed Dr, William F. Quigley as an expert who will testify on his behalf. There has been no indication that the plaintiff has attempted to take Dr. Quigley's deposition. Thus, as one example, the plaintiffs cannot claim in good faith that facts and opinions are unavailable with regard to whether or not Dr. Haxo met the applicable standards of care. Consequently, Practice Book 220(B) is not applicable here,
Furthermore, Practice Book 220(D) is designed to ensure that opposing counsel have notice of the identity and the substance of an expert's opinions. See, e.g., Mulrooney v. Wambolt, 215 Conn. 211, 217-18,575 A.2d 996 (1990). This furthers the purpose of discovery as enunciated in Sturdivant, supra, 106. Indeed, unless and until there has been a complete disclosure of the identity of the expert, as well as of the substance of the facts and opinions to which the expert is expected to testify, an expert will not be permitted to testify except in the discretion of the court for good cause shown. Practice Book 220(D). See also Mulrooney, supra, 215-21.
In the present matter, Dr. Coppa has been disclosed as an expert to testify only as to the standards of care pertaining to the defendant Hospital. To compel Dr. Coppa to testify as to matters beyond the purview of his disclosed expertise will implicitly violate the purpose behind Practice Book 220(D), as well as the purpose of discovery, Sturdivant, supra, in that the other defendants will be subjected to possible unfair surprise. Consequently, in accordance with the foregoing analysis, and because a trial should be a fair contest, Sturdivant, supra, this court denies the motion to compel.
PICKETT, JUDGE