[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Eugene A. Jones, Jr., commenced this action by filing a one count complaint for medical malpractice against the defendant, Ross J. Sanfilippo, D.M.D., on July 26, 1995. The complaint alleges that on May 6, 1993, the plaintiff went to the defendant's office to have a tooth extracted, that the defendant walked into the room, did not look at the plaintiff's X-rays, did not speak to the plaintiff, proceeded to prepare the plaintiff for the extraction, and then pulled the wrong tooth. The complaint CT Page 921 further alleges that the plaintiff informed the defendant that he had extracted the wrong tooth, that the defendant gave the plaintiff four more injections of novocaine, and then proceeded to extract the correct tooth. The complaint also alleges that the defendant failed to inform the plaintiff as to the proper care he should exercise following the extractions, and that he was only given a written pamphlet upon requesting information from the individual working the front desk at the defendant's office. The complaint goes on to allege that as of June 14, 1994, the plaintiff continued to experience numbness and occasional pain in his upper and lower right gums and in the right-side of his tongue, and that the pain and numbness were the result of the defendant's negligence.
The defendant filed an answer with special defenses on August 8, 1995. The defendant's first special defense asserts the plaintiff's own negligent failure to follow the care instructions he was given, the second special defense asserts the statute of limitations, General Statutes § 52-584, and the third special defense asserts that any recovery by the plaintiff should be reduced by the comparative amount of his own negligence under General Statutes § 52-572h.
The defendant filed the present motion for summary judgment on November 11, 1995. Pursuant to Practice Book § 380, the defendant submitted an appropriate supporting memoranda of law and various "other documents" in support of its motion. There was no appearance on the plaintiff's behalf at oral argument on this motion nor has any objection been submitted as of the date of this memorandum.[1]
 DISCUSSION
The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence CT Page 922 disclosing the existence of such an issue . . . . Mere assertions of fact [however] . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." Home Insurance Co.v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001
(1995).
In deciding a motion for summary judgment, "the trial court is limited to considering the pleadings, affidavits, and other documentary proof submitted by the parties." Orticelliv. Powers, 197 Conn. 9, 15, 495 A.2d 1023 (1985). "[T]he court [is] limited to deciding whether an issue exist[s], but it [cannot] try that issue if it [does] exist." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982). "The test is whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont Plastics Corp. , 229 Conn. 99,105-06, 639 A.2d 507 (1994). A directed verdict may be granted only when "[the court] find[s] that the jury could not reasonably and legally [render] another conclusion." Krawczykv. Stingle, 208 Conn. 239, 244, 543 A.2d 733 (1988). Further, any "other documents" submitted in support of the motion must be such documents as would be admissible as evidence at trial. Fogarty v. Rashaw, 193 Conn. 442, 444,476 A.2d 582 (1984).
In the present case, the defendant argues that the plaintiff cannot offer the expert testimony necessary to sustain a cause of action for malpractice. "In order to prevail in any medical malpractice action, the plaintiff must establish (1) the requisite standard of care for the treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury . . . ." (Defendant's brief, pp. 3; citing Williams v. Chameides,26 Conn. App. 818, 822-23, 603 A.2d 1211, cert. denied, 221 Conn. 923,608 A.2d 609 (1992).). "In Connecticut, both the breach of the standard of care and proximate cause must be proved by expert testimony." (Id.; citing Vinchiarello v. Kathuria,18 Conn. App. 377, 381, 558 A.2d 262 (1989).). Therefore, in order to obtain summary judgment, the defendant in the present case must establish that the plaintiff could not offer sufficient enough proof of these elements to allow a reasonable jury to find in the plaintiff's favor. Krawczyk v. Stingle, supra, 208 Conn. 244. CT Page 923
In the present case, the defendant has submitted three exhibits in support of its motion. (See Defendant's exhibits A-C.). However, only exhibit A, the plaintiff's sworn answers to the defendant's interrogatories, would be properly admissible as evidence at trial. Fogarty v. Rashaw, supra, 193 Conn. 444. The other two documents submitted by the defendant, letters written by Dr. Roger Harris (Defendant's exhibit B) and Donna Butaine, Chief Public Hearing Officer, Connecticut Bureau of Health System Regulation (Defendant's exhibit C), are not supported by affidavits. Therefore, the defendant's exhibits B and C are hearsay and may not be considered in deciding the present motion. Id.
In his answers to the defendant's interrogatories, the plaintiff supplied the names two doctors, Dr. Saggad Kahan and Dr. Roger Harris, he intended to call as expert witnesses on his behalf. The evidence submitted by the defendant fails to foreclose the possibility that evidence offered through the testimony of the plaintiff's named experts might be sufficient enough to allow a reasonable jury to find in the plaintiff's favor.[2] Krawczyk v. Stingle, supra, 208 Conn. 244. Therefore, a genuine issue of material fact exists in the present case.United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378-79, 260 A.2d 596 (1969). It follows that summary judgment is not appropriate at this time. Krawcysk v. Stingle, supra, 208 Conn. 244.
Based on the foregoing, the defendant's motion for summary judgment is denied.
Austin, J.