[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON PENDING MOTIONS
The defendant has filed two post-trial motions. I shall consider with them seriatim.
A. Motion for Extension of Time to File Appeal. Ordinarily, I would grant a motion for extension of time in which to file an appeal where, as here, the party considering appealing has filed a post-trial motion whose outcome could affect the issues to be raised on appeal or perhaps obviate the desire to appeal altogether. Our Supreme Court has held that the five day period for appeal as set forth in § 47a-35 (b) is mandatory and may not be extended by the parties or the trial court.HUD/Barbour — Waverly v. Wilson, 235 Conn. 650 (1995). Given the Supreme Court's holding, I am constrained to deny the motion for extension of time in which to file the appeal. CT Page 11801
B. Motion for Further Articulation or Reargument. The defendant claims, in a post-decision motion, that this court should reconsider or further articulate the decision filed on September 9, 1997. The defendant argues that this court should consider the strict standards for eviction of certain classes of tenants, as set forth in § 47a-23c[1] of the General Statutes. The defendant states that she raised the issue at trial and in her post-trial brief.
I have reviewed the file and my notes, and I do not find that the issue of § 47a-23c was specifically raised at trial or in the brief. Although issues were raised concerning nuisance, under § 47a-11, there apparently was no specific mention of §47a-23c. I do not specifically recall that there was evidence which would establish that the defendant is a member of any classes protected by the statute, and the issues presented by § 47a-23c were never framed by the pleadings. Ordinarily, the issue would be raised by special defense. See, e.g., O'BrienProperties v. Rodriguez, 215 Conn. 367 (1990). There generally is no obligation to decide issues not raised by the pleadings, or, for that matter, not specifically raised at trial.Vinchiarello v. Kathuria, 18 Conn. App. 377, 383-84 (1989). I do not think it is appropriate, in the circumstances of this case, to utilize some variation of the plain error doctrine, as the plaintiff has not had the opportunity specifically to address the issue, and, because there at least was credible evidence to suggest that emergency personnel would have difficulty gaining access to the premises and access to heating elements was compromised, among other considerations, it cannot be assumed that the defendant would have prevailed had the issue been properly raised.[2]
The relief requested in the motion is, then, denied.
Beach, J.