FISKE, EMERY & ASSOCIATES *v.* WILLIAM R. AJELLO ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 26978S
ANSONIA-MILFORD AT MILFORD

Memorandum filed December 28, 1989

*Cohen, Sylvester & Micci,* for the plaintiff.
*Keith A. Rubenstein,* for the defendants.

FULLER, J. The plaintiff in this action, a law firm, has moved for summary judgment on the second and

third counts of a four count amended complaint. The first count claims the reasonable value of legal services rendered to the defendants, William R. Ajello and Beverly Scala. The amount claimed to be owed after credit for a retainer of $8500 is $27,424. All of the amounts stated are in Canadian dollars, since the plaintiff is a Quebec law firm that rendered legal services to the defendants in that province. The second count of the complaint claims that the dispute concerning legal fees was submitted to arbitration, that the arbitrators determined that $18,544 was owed, and that a judgment of the Superior Court in Quebec was then rendered confirming the amount of the arbitration award. The third count claims that an arbitral award was made, which is entitled to enforcement under 9 U.S.C. §§ 201 through 208 (1988), the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The plaintiff has moved for summary judgment under those statutes, and under the Uniform Foreign Money–Judgments Recognition Act, General Statutes §§ 52-610 through 52-618. The motion pertains solely to the second and third counts. An affidavit attached to the motion indicates that the plaintiff performed legal services for the defendants at their request, and that the unpaid balance of the charges for those services, totaling $27,424, was submitted for arbitration to the arbitration committee of the Quebec bar.

The defendants retained an attorney who signed a submission to arbitration on their behalf. The arbitration committee reduced the amount of the charges and, on May 4, 1988, made a decision that the defendants were jointly and severally liable to the plaintiff for $18,544. On December 12, 1988, a judge of the Superior Court for the province of Quebec granted a motion to homologate (confirm) the arbitration decision.

The submission to the arbitration committee of the Quebec bar, and the judgment of the Quebec Superior

Court were attached as exhibits to the motion for summary judgment. Each defendant filed an affidavit in oppposition to the motion. Both affidavits questioned a finding of the arbitration committee; specifically, that the named defendant invested in a business transaction with and through the defendant Scala. Neither affidavit questions whether the plaintiff rendered legal services for both defendants. The named defendant's affidavit states that he was not aware that the arbitration hearing took place on April 20, 1988, and that he understood that the arbitration proceeding was withdrawn or revoked prior to that date. Scala's affidavit states that some of the plaintiff's services were performed after its service contract was cancelled, were beyond the plaintiff's authority and were of no value to her. The affidavit contains no facts supporting these conclusory allegations.

Opinions and conclusions in an affidavit should not be considered. *Farrell* v. *Farrell,* 182 Conn. 34, 39, 438 A.2d 415 (1980). Scala's affidavit also claims that she believed that the arbitration proceeding was to be withdrawn unless certain security was deposited with the arbitration commission, and that this security was not deposited.

Under Practice Book § 384, summary judgment can be granted if the pleadings, affidavits and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Bartha* v. *Waterbury House Wrecking Co.,* 190 Conn. 8, 11, 459 A.2d 115 (1983); *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 268, 422 A.2d 311 (1979). To satisfy this burden, the moving party must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. *Fogarty* v. *Rashaw,* 193 Conn. 442, 445, 476 A.2d 582 (1984); *D.H.R. Construction Co.* v.

*Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980). A material fact is a fact that will make a difference in the result of the case. *Yanow* v. *Teal Industries, Inc.,* supra; *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 379, 260 A.2d 596 (1969). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some material, disputed factual issue. *Daily* v. *New Britain Machine Co.,* 200 Conn. 562, 568, 512 A.2d 893 (1986); *Bartha* v. *Waterbury House Wrecking Co.,* supra, 11–12; *Fairfield Lease Corporation* v. *Romano's Auto Service,* 4 Conn. App. 495, 500, 495 A.2d 286 (1985). It is not enough for the opposing party merely to assert the existence of a disputed issue. *Daily* v. *New Britain Machine Co.,* supra, 569.

General Statutes § 52-612 provides that the Uniform Foreign Money–Judgments Recognition Act applies to any foreign judgment that is final and conclusive and enforceable where rendered. A foreign judgment means any judgment of a foreign state granting a recovery of a sum of money. General Statutes § 52-611 (2). A judgment of the Superior Court of the province of Quebec, Canada, is a judgment of a foreign state under General Statutes § 52-611 (1). General Statutes § 52-613 provides: "Except as provided in section 52-614, a foreign judgment meeting the requirements of section 52-612 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit."

Besides showing that there is no genuine issue of material fact, the moving party must show that it is entitled to judgment as a matter of law. Practice Book § 384; *Bartha* v. *Waterbury House Wrecking Co.,* supra, 11. "The test of the requirement for the grant-

ing of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts." *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 380; *Desnoyers* v. *Wells,* 4 Conn. App. 666, 668, 496 A.2d 237 (1985). The plaintiff is entitled to recognition and enforcement of the foreign judgment here unless the facts obtained from the pleadings, affidavits and other documentary proof establish one of the grounds for nonrecognition of the foreign judgment stated in § 52-614.

The defendants' brief claims four grounds for non-recognition. Section 52-614 (a) (1) provides that a foreign judgment is not conclusive if the judgment was rendered under a system that does not provide procedures compatible with the requirements of due process of law. A related claim, based on § 52-614 (b) (1), is that a foreign judgment need not be recognized if the judgment debtor did not receive notice of the proceedings in sufficient time to enable him to defend. The requirements of procedural due process depend upon the nature of the case, and there is a failure of due process in an administrative proceeding where either the hearing itself or the notice of the hearing has been so defective that a party has neither been reasonably apprised nor had the opportunity to contest the matter before the administrative agency. *Hart Twin Volvo Corporation* v. *Commissioner of Motor Vehicles,* 165 Conn. 42, 44–46, 327 A.2d 588 (1973).

It is clear from the summary of proceedings before the arbitration committee of the Quebec bar that the defendants were represented by counsel in the proceedings before that committee and that their counsel requested postponements on several occasions and informed them as to the date of the hearing. The nature

of the claim to be decided was clear. Even if the defendants were not personally informed as to the date of the continued hearing by their attorney, the facts in the defendants' affidavits, even construed most favorably to them, do not support a claim of lack of due process or a claim that the procedures used by the arbitration committee of the Quebec bar are materially different from the arbitration procedures used in this state. Parties are also bound by actions taken by their attorney within his general authority to represent the client in connection with and for the purpose of controlling the matter committed to the attorney. *Evans Product Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 517, 391 A.2d 157 (1978).

Prior to the hearing, the committee had fixed $16,000 as security for the plaintiff's claim to be deposited by the defendants with the executive director of the Quebec bar. The defendants never deposited the security, which was ultimately waived by the plaintiff prior to the hearing. The security was for the benefit of the plaintiff, to guarantee payment of the debt in the event of an arbitration decision in its favor. The waiver of the security by the plaintiff did not, as a matter of law, amount to a denial of due process, one of the grounds for nonrecognition in § 52-614. This also disposes of the related claim that the judgment was obtained by fraud, which is a ground of nonrecognition under General Statutes § 52-614 (b) (2). Assuming, as claimed by the defendants, that the submission to arbitration was premised on no funds being deposited as security, no funds were ever deposited by the defendants, and the plaintiff finally waived the requirement. This is a bogus issue. Fraud also must be proven by clear, precise and unequivocal evidence; *Alaimo* v. *Royer,* 188 Conn. 36, 39, 448 A.2d 207 (1982); and there is no evidence here of conduct even approaching that standard.

A final related defense to recognition of the judgment is based on § 52-614 (b) (5): "The proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court . . . ."

This claim is also based upon the fact that eight months after the initial submission to arbitration, the arbitration committee directed the defendants to deposit $16,000 as security. The court notes that the form for the submission to arbitration contains a provision whereby the clients acknowledge the amount that they admit to owing for professional services and deposit of that sum in trust with the executive director of the bar. The form signed by the defendants stated that they owed nothing for the professional services and accordingly, nothing was deposited. When the plaintiff later waived the security, the defendants' objection to posting security was cured and the matter proceeded in accordance with the submission to arbitration signed by the defendants. The facts here do not show a legal basis for a defense under subdivision (5) of subsection (b). The defendants clearly submitted to arbitration proceedings and were represented by counsel throughout the proceedings. There was personal jurisdiction over the defendants and the arbitration award was within the terms of the submission to arbitration. The facts recited in the defendants' affidavits do not create any issues of material fact. The claims that some of the legal services of the plaintiff were unauthorized and that the named defendant's participation in the business transaction through the defendant Scala was insufficient to make him jointly responsible with her for the plaintiff's charges are factual issues that were within the scope of the submission to arbitration, and should have been raised in those proceedings, either through a request for reconsider-

ation of the award, or through whatever legal remedies were available in the Superior Court in Quebec. They are not valid defenses to an action to enforce the foreign judgment. While the documents submitted with the motion for summary judgment show that the defendants had adequate notice of the arbitration proceedings, any defense of lack of notice should have been raised in the same way. The judgment is enforceable under § 52-613.

The arbitration decision is also enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (convention). Convention on the Recognition and Enforcement of Foreign Aribtral Awards, June 10, 1958, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 3. An arbitration agreement or arbitral award arising out of a legal relationship falls under the convention. Id.; 9 U.S.C. § 202. Actions or proceedings under the convention, to which both the United States and Canada are signatories, apply to differences arising out of legal relationships that are considered commercial and that are deemed to arise under the laws and treaties of the United States. 9 U.S.C. § 203. While enforcement actions are usually brought in federal courts, all United States courts, including state courts, have jurisdiction to enforce arbitral awards. See 9 U.S.C. § 205; *Corcoran* v. *Ardra Ins. Co., Ltd.,* 842 F.2d 31, 34 (2d Cir. 1988). Section 207 allows any party to arbitration to apply within three years after an arbitral award for a court order confirming the award against any other party to the arbitration and states that "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." The defendants rely on article V, § 1, subsections (b), (c) and (d) of the convention, which provide that recognition and enforcement of the award may be refused when: "(b) The party

against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceeding or was otherwise unable to present his case; or (c) [t]he award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration . . . [or] (d) [t]he composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties. . . ."

The defendants claim that they were not given proper notice that the proceedings would go forward despite the failure to provide the $16,000 security and that the award was not based upon the submission to arbitration which provided for no security. These arguments are similar to those previously advanced as a defense against enforcement of the foreign judgment, and fail for the same reasons.

There is no indication that the defendants have moved to vacate the judgment in the Superior Court in Quebec or to vacate or to modify the decision of the arbitrators. In determining whether an arbitrator has exceeded his authority or improperly carried out arbitration, Connecticut courts only examine the submission to arbitration and the award to determine whether the award conforms to the submission. *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 186, 530 A.2d 171 (1987). There is a strong public policy in this state not to interfere with decisions in cases where the parties voluntarily submitted disputes to arbitration. By dropping the request for security, the plaintiff removed any objection that the defendants might have that the proceedings were beyond the scope of the submission. Under our law, the Superior Court would have to confirm the arbitration award. It should do no less for the proceedings here, particularly since they have also been confirmed by the court of another country.

Summary judgment is granted to the plaintiff on the second and third counts of the complaint on the issue of liability, pursuant to Practice Book § 385. The court further finds that the plaintiff is entitled to recover $18,544 in Canadian dollars. The case may be claimed for a hearing to determine the amount of damages owed in United States dollars and whether, and to what extent, interest should be allowed on the award.