[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, University of New England, brought this action to enforce a judgment against the defendant, Stacy Leeman, obtained in Maine District Court, Thirteenth District, Division of Piscataquis, County of Piscataquis, State of Maine. The defendant, in her trial memorandum, argues that the Maine court did not have personal jurisdiction over her because she was not served properly. She was ostensibly served at her Aunt's home where she previously resided but had not resided for seven years before the judgment in question.
The defendant argues that the Maine judgment is not enforceable by the Connecticut court against her under the Uniform Foreign Money-Judgments Recognition Act, General Statutes § 50a-30 through § 50a-38
(UFMJRA). The plaintiff argues that its action is not a statutory cause of action brought pursuant to a Connecticut statute. The case law seems to indicate that the plaintiff must initiate an action under UFMJRA for it to be applicable. See Brannick v. Genova, Superior Court, judicial district of Waterbury at Waterbury, Docket No 94398 (January 24, 1991,MeWeeny, J.); see also Fiske, Emery Associates v. Ajello,41 Conn. Sup. 376, 577 A.2d 1139 (1989). Nevertheless, whether the claim is statutory or an independent cause of action, the result will be the same and the action here fails for lack of personal jurisdication.
General Statutes § 50a-33 provides that the UFMJRA applies to "any foreign judgment that is final and conclusive and enforceable where rendered." Section 50a-33 provides that, "[e]xcept as provided in section50a-34, a foreign judgment meeting the requirements of section 50a-32 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of a sister state which is entitled to full faith and credit."
Section 50a-34 provides the grounds for nonrecognition of a foreign judgment. Under § 50a-34, "(a) A foreign judgment is not conclusive CT Page 15607 if: . . . (2) The foreign court did not have personal jurisdiction over the judgment debtor . . ."
Section 50a-35 provides in pertinent part that, "(a) The foreign judgment shall not be refused recognition for lack of personal jurisdiction if: . . . (2) The judgment debtor voluntarily appeared in the proceedings, other than for . . . contesting the jurisdiction of the court over him." Moreover, § 50a-35 states that, "(b) [t]he courts of this state may recognize other bases of jurisdiction."
Under the UFMJRA, the court finds that the Maine court lacked personal jurisdiction over the defendant, the foreign judgment is not entitled to enforcement.
In an independent action, the court reaches the same conclusion. "As a matter of federal law, the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment." (Citations omitted.) Packer Plastics v. Laundon, 214 Conn. 52, 56, 570 A.2d 687
(1990). "Nevertheless, a foreign judgment is only given full faith and credit if it is not based upon default of appearance or [confession]."Holbrook v. Owen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 263338 (January 11, 1993, Ballen, J.).
"Where a judgment is based upon default of appearance, the party seeking to enforce the judgment must proceed by way of General Statutes § 52-607. . . . Under § 52-607, a judgment creditor may bring an independent action to enforce the judgment. . . ." Key Bank of Alaska v.Benedict, Superior Court, judicial district of New Haven at New Haven, Docket No. 349683 (February 25, 1994, Martin, J.). "This independent action on the foregoing judgment allows the debtor to attack collaterally the foreign judgment by establishing facts that would rendered the foreign judgment void." Id. "To be successful, a collateral attack must prove a judgment void, not merely voidable." Key Bank of Alaska v.Benedict, supra, citing Rathkoph v. Pearson, 148 Conn. 260, 265,170 A.2d 135 (1961). "This would require proof of the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both; or want of power to grant the relief contained in the judgment." Id.
Therefore, again, the court finds the Maine court lacks personal jurisdiction over the defendant, the foreign judgment is, therefore, not entitled to enforcement.
BY THE COURT, CT Page 15608
Gill, J.