## Joseph Desnoyers *v.* James R. Wells et al. (3344)

Hull, Spallone and Daly, Js.

Argued June 5—decision released August 13, 1985

*John P. Tedeschi,* for the appellant (plaintiff).

*Robert C. Danaher,* for the appellee (defendant Stihl, Inc.).

Daly, J. This action was instituted on behalf of the plaintiff, a minor who was injured by a chainsaw, against the named defendant as the owner and user of the saw, and the defendant Stihl, Inc., as the manufacturer, distributor and seller of the saw.[1] The plaintiff alleged strict tort liability, negligence and breach of warranty against the defendants. From the granting of the defendant Stihl, Inc.'s motion for summary judgment, the plaintiff has appealed.

---

[1] Since the claim against the named defendant has been settled, "defendant" hereinafter will refer to Stihl, Inc.

The factual situation as set forth in the pleadings and affidavits[2] indicates the following: The chainsaw was manufactured in 1973 by Andreas Stihl, a West German limited partnership. On October 22, 1973, the chainsaw was sold and imported to the United States. The defendant was organized as a Delaware corporation in August of 1974, and is in the business of manufacturing chainsaws. Andreas Stihl did not engage in any business in the United States between October 22, 1973, and May 3, 1979. There was no nexus established between the defendant and Andreas Stihl. The defendant did not manufacture, purchase, import, distribute or sell the chainsaw.

The plaintiff challenges the granting of the summary judgment.

" 'A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 268, 422 A.2d 311 (1979); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377–78, 260 A.2d 596 (1969).' . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." (Citations omitted.) *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984). " 'When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond,

---

[2] The plaintiff filed no affidavits in opposition to the defendant's motion for summary judgment.

the court is entitled to rely upon the facts stated in the affidavit of the movant.' " *Kakadelis* v. *DeFabritis,* 191 Conn. 276, 280–81, 464 A.2d 57 (1983).

Here, it was uncontradicted that the defendant did not manufacture, sell or distribute the chainsaw in question since the defendant did not come into existence until the following year. The plaintiff never presented an affidavit that "he could not for some reason 'present facts essential to justify his opposition' which would authorize the court to deny the summary judgment motion or to grant a continuance to allow an opportunity to gather additional facts. Practice Book § 382 . . . ." Id., 281.

"The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts. . . . In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted.) *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 380.

When we apply the aforesaid test, the pleadings and affidavits viewed in the light most favorable to the plaintiff fail to disclose any genuine issue as to any material fact or issue of law meriting a hearing. Thus, summary judgment was appropriate.

There is no error.

In this opinion the other judges concurred.