## Olga DiMaggio *v.* Richard Makover
### (5481)

Daly, Norcott and Foti, Js.

Argued December 10, 1987—decision released January 26, 1988

*Margaret G. Dean,* for the appellant (plaintiff).

*Thomas C. Thornberry,* with whom, on the brief, was *Donna A. Dobbs,* for the appellee (defendant).

Foti, J. The plaintiff appeals from the trial court's granting of the defendant's motion for summary judgment. The plaintiff claims that the trial court erred in granting the motion (1) because she was an intended beneficiary of the "contract" between her employer and the defendant, (2) because it denied her constitutional right to a jury trial, (3) because there existed a genuine issue of fact, and (4) because her complaint sounded in contract, not malpractice.

The facts are not in dispute. The plaintiff was employed by the United States Postal Service in the capacity of window clerk. After the plaintiff experienced difficulty coping with her employment situation, her employer required her to undergo a psychological evaluation to determine her fitness for duty. The initial evaluation was conducted by A. M. Berrera, a physician, who was under contract to the plaintiff's employer. Barrera found that the plaintiff was not fit, characterizing her symptoms as "severe anxiety neurosis." The plaintiff's employer subsequently made arrangements to have her evaluated by the defendant, Richard Makover, a psychiatrist, in order to obtain an independent assessment of the plaintiff's fitness for duty. After his evaluation of the plaintiff, the defendant concluded that she was unemployable because of an "adjustment disorder" associated with her place of work. The plaintiff was subsequently terminated by the United States Postal Service and she then filed suit claiming that the defendant failed to perform the evaluation adequately and competently.

The plaintiff's principal claim, and the claim which is dispositive of this appeal, is that she was a third party beneficiary of the agreement between the defendant and her employer for her psychological evaluation. The plaintiff claims, therefore, that by failing to carry out the evaluation in a competent manner, the defendant breached a contractual obligation owed to her.

The plaintiff's complaint, however, sounds in malpractice. "Malpractice is commonly defined as 'the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . .' Webster, Third New International Dictionary; Black's Law Dictionary (5th Ed.

1979); see *Camposano* v. *Claiborn,* [2 Conn. Cir. Ct. 135, 196 A.2d 129 (1963)]. A fair reading of the complaint reveals that the gravamen of the suit was the alleged failure by the defendant to exercise the requisite standard of care."[1] *Barnes* v. *Schlein,* 192 Conn. 732, 735–36, 473 A.2d 1221 (1984). Her complaint is absolutely barren of any allegation that the defendant breached any contractual duty owed to her. Cf. *Camposano* v. *Claiborn,* supra (physician's promise that an operation would result in only hairline scars created a contractual obligation).

" ' "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Yanow* v. *Teal Industries, Inc.,* 178 Conn. 262, 268, 422 A.2d 311 (1979); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 377–78, 260 A.2d 596 (1969)." . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.' (Citations omitted.) *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984). ' "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." ' *Kakadelis* v. *DeFabritis,* 191 Conn. 276, 280–81, 464 A.2d 57

[1] In the twelfth, fourteenth, fifteenth, sixteenth and seventeenth paragraphs of her complaint, the plaintiff alleges that the defendant failed to perform "competently" the psychological evaluation.

324

(1983)." *Desnoyers* v. *Wells,* 4 Conn. App. 666, 667–68, 496 A.2d 237 (1985).

Here, the plaintiff's affidavits and supporting documents were limited to her claim that she was a third party beneficiary, yet her complaint sounds exclusively in malpractice. The court, therefore, did not err in granting the defendant's motion, as the plaintiff failed to establish a genuine issue of material fact on the cause of action pleaded.

We have considered the plaintiff's other claims and find that they lack merit.

There is no error.

In this opinion the other judges concurred.