KATHLEEN GUZZE ET AL. *v.* NEW BRITAIN
GENERAL HOSPITAL ET AL.
(5907)
(6187)

BORDEN, DALY and NORCOTT, Js.

Argued May 12—decision released September 27, 1988

*Kimball Haines Hunt,* with whom, on the brief, was *John Serrano,* for the appellant (plaintiff William Guzze).

*April Haskell,* for the appellee (defendant Joseph Welna).

DALY, J. The plaintiffs[1] instituted this malpractice action against the defendants for failure properly to diagnose and treat the named plaintiff's breast cancer. From two summary judgments rendered in favor of the defendant physician, Joseph Welna,[2] the plaintiff has appealed. The plaintiff claims that the trial court erred (1) in granting the motion in limine precluding an expert witness, and (2) in granting the summary judgments.

The following facts are relevant to this appeal. The action against the defendants was commenced by complaint dated August 12, 1985. The defendant filed interrogatories dated November 1, 1985, which included

---

[1] The named plaintiff, Kathleen Guzze, subsequently died and the plaintiff, William Guzze, her husband, who had originally sued for loss of consortium, was named executor of his wife's estate. He has been added as a plaintiff in his representative capacity and will be designated in this opinion as the plaintiff.

[2] The cause of action against the named defendant was withdrawn. The trial court granted the motion for summary judgment filed on behalf of the defendant Joseph Welna only. Welna will be referred to in this opinion as the defendant.

interrogatory number 23,[3] a request for disclosure and production of the names and addresses of all experts expected to testify. The plaintiff, who was granted until March 3, 1986, to respond, neither responded nor filed an objection to interrogatory number 23.

On July 8, 1986, the defendant filed a motion in limine barring the plaintiff from presenting any expert testimony, or, alternatively, seeking an order compelling the plaintiff to answer the interrogatory. Although the plaintiff later stated that he thought he had supplied the name of the expert, he failed to conform to the rest of the interrogatory, namely, to supply the proposed subject matter, the factual basis of the opinion, and the substance of facts and opinions. On September 8, 1986, the trial court ruled that unless the plaintiff complied within ten days, the motion in limine would be granted.[4] The matter was marked over to September 29, 1986, and was subsequently granted on that date because the plaintiff failed to comply.

On February 19, 1987, the trial court granted the defendant's motion for summary judgment on the basis that the plaintiff lacked expert testimony as to the standard of care and the proximate cause of the death of the decedent, and the plaintiff appealed. Thereafter, that motion was vacated in part and, on June 18, 1987, granted, as amended, on the same ground as the Febru-

---

[3] Interrogatory number 23 asks: "Do you intend to call an expert to testify at trial in this matter? If so, please state:

"a. The name, address and qualifications of said expert;

"b. The proposed subject matter of his or her testimony;

"c. The substance of the facts and opinions to which he or she will testify;

"d. The factual basis of any opinions he or she is expected to render."

[4] Practice Book § 231 provides: "If any party has failed to answer interrogatories or to answer them fairly . . . or has failed otherwise substantially to comply with any other discovery order . . . the court may, on motion, make such order as the ends of justice require. Such orders may include the following: . . . (d) The entry of an order prohibiting the party who has failed to comply from introducing designated matters . . . . "

ary 19 decision. From the judgment rendered on that motion, the plaintiff filed a second appeal.

Practice Book § 220 (a) (1)[5] provides that a party may submit an interrogatory to discover certain limited information about an opponent's expert witness. Under Practice Book § 224, any such interrogatories must be answered within thirty days after the filing unless the court allows for a longer time.[6] This court has recently restated the law of a party's responsibility to answer an opponent's interrogatory. " 'The discovery rules are designed to facilitate trial proceedings and to make a "trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *United States* v. *Proctor & Gamble,* 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). "The court's decision on whether to impose the sanction of excluding the expert's testimony concerning causation rests within the sound discretion of the court." *Sturdivant* v. *Yale-New Haven Hospital,* [2 Conn. App. 103, 107, 476 A.2d 1074 (1984)]. Unless the trial court has abused a legal discretion, its action

---

[5] Practice Book § 220 (A) (1) provides: "A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."

Practice Book § 232 provides: "CONTINUING DUTY TO DISCLOSE

"If, subsequent to compliance with any request or order for discovery and prior to or during trial, a party discovers additional or new material or information previously requested . . . *he shall promptly notify the other party* . . . ." (Emphasis added.)

[6] Practice Book § 224 provides in pertinent part: "Any such interrogatories shall be answered under oath by the party to whom directed and such answers shall be served and filed within thirty days after the filing of the notice required by Sec. 223 (b), unless:

"(a) Counsel file with the court a written stipulation extending the time within which answers or objections may be served; or

"(b) Upon motion, the court allows a longer time; or

"(c) Objections to the interrogatories and the reasons therefor are filed and served within the thirty-day period."

should not be disturbed; in making this analysis, we must afford the decision of the trial court great weight and allow every reasonable presumption to be made in favor of its correctness. *Timm* v. *Timm,* 195 Conn. 202, 206, 487 A.2d 191 (1985); *Dudas* v. *Ward Baking Co.,* 104 Conn. 516, 518, 133 A. 591 (1926). "In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." *Timm* v. *Timm,* supra, 207; *E.M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463 (1959); *Sturdivant* v. *Yale-New Haven Hospital,* supra, 108. "The court's conclusion that the consequences of the plaintiff's failure fully and fairly to disclose, despite being given ample opportunity to do so . . . should fall upon the plaintiff rather than upon the defendants, was not an abuse of discretion." ' *Perez* v. *Mount Sinai Hospital,* 7 Conn. App. 514, 519, 509 A.2d 552 (1986)." *Caccavale* v. *Hospital of St. Raphael,* 14 Conn. App. 504, 507–508, 541 A.2d 893 (1986).

We conclude that the trial court did not abuse its broad discretion in ruling that the plaintiff failed to answer interrogatory number 23, and, therefore, correctly precluded the plaintiff from bringing forward an expert witness.

The plaintiff's second claim of error is that the trial court erred by granting the defendant's motions for summary judgment. The standard of review for a case involving a summary judgment is abundantly clear from the rich case law in this area. Recently, in *DiMaggio* v. *Makover,* 13 Conn. App. 321, 536 A.2d 595 (1988), this court restated the standard of review that was articulated in *Desnoyers* v. *Wells,* 4 Conn. App. 666, 667–68, 496 A.2d 237 (1985). " ' "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the par-

ties and that the moving party is entitled to judgment as a matter of law. Practice Book § 384; *Yanow* v. *Teal Industries, Inc.*, 178 Conn. 262, 268, 422 A.2d 311 (1979); *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 377–78, 260 A.2d 596 (1969)." . . . Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue.' (Citations omitted.) *Burns* v. *Hartford Hospital*, 192 Conn. 451, 455, 472 A.2d 1257 (1984). ' "When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] § 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." ' *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 280–81, 464 A.2d 57 (1983)." *Desnoyers* v. *Wells*, supra; *DiMaggio* v. *Makover*, supra, 323–24.

In this action alleging malpractice, the plaintiff did not produce an expert witness. It is well settled in Connecticut case law that a plaintiff "cannot prevail unless there was evidence of an expert nature from which the jury could reasonably conclude that the defendant was negligent, except where there is manifest such gross want of care or skill as to afford, of itself an almost conclusive inference of negligence that the testimony of an expert is not necessary." *Puro* v. *Henry,* 188 Conn. 301, 305, 449 A.2d 176 (1982); see also *Console* v. *Nickow,* 156 Conn. 268, 270 A.2d 895 (1968); *Perez* v. *Mt. Sinai Hospital,* supra, 520. Where no expert evidence was presented, the trial court was correct in granting the defendant's motions for summary judgment.

There is no error.

In this opinion the other judges concurred.