[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
PLEADING #173
The defendants move for summary judgment in this medical malpractice case. The alleged malpractice was committed in a surgical operation to the plaintiff's knee in 1984. To the present date the plaintiff has not produced a medical expert. The court (Fuller, J.) on May 13, 1991 granted a motion to preclude (pleading #172) from introducing a medical expert to testify as to a standard of care or proximate cause.
The plaintiffs' revised complaint dated October 16, 1990 does not allege and claim for gross negligence.
In Guzze, et al. v. New Britain General Hospital, et al., 16 Conn. App. 480, cert. denied 209 Conn. 823, the court affirmed the granting of summary judgment.
 "In this action alleging malpractice, the plaintiff did not produce an expert witness. It is well settled in Connecticut case law that a plaintiff `cannot prevail unless there was evidence of an expert nature from which the jury could reasonably conclude that the defendant was negligent, except where there is manifest such gross want of care or skill as to afford, of itself an almost conclusive inference of negligence that the testimony of an expert is not necessary." Puro v. Henry, 188 Conn. 301, 305, 449 A.2d 176 (1982); see also Perez v. Mt. Sinai Hospital, supra, 520. Where no expert evidence was presented, the trial court was correct in granting the defendant's motions for summary judgment. . . . Once the moving party has presented CT Page 5367 evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. (Citations omitted.) Id., 472 A.2d 1257 (1984)."
 "In some cases, however, expert testimony is not required. Those cases involve allegations of gross negligence or a `gross want of care and skill' so as to afford an almost conclusive inference of negligence. Levett v. Etkind, 158 Conn. 567, 575
(1969); Puro v. Henry, 188 Conn. 301 (1982); Allen v. Giuliano, 144 Conn. 573 (1957); Snyder v. Pontaleo, 143 Conn. 290 (1956); Chubb v. Holmes, 111 Conn. 482 (1930); Slimak v. Foster, 106 Conn. 366, (1927).
 In the instant case, the plaintiff has alleged mere `negligence and carelessness', not gross negligence. Accordingly, in the absence of expert testimony, the plaintiff cannot make out her burden of proof. In sum, based on the pleadings, the defendant's motion for summary judgment is granted."
Valerie Braswell v. Sedighen Norooz, Admix., 14 CLT 10 page 175 u.
In a medical malpractice case the plaintiff must disclose an expert.
 "The discovery rules are designed to facilitate trial proceedings and to make a `trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.' United States v. Proctor 
Gamble, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)."
Motion for Summary Judgment is granted.
FRANK S. MEADOW, JUDGE