[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In July, 1991, the plaintiff, Maggie Wills, brought this action against Stamford Hospital and Dr. Lambrose Siderides, her treating physician, alleging that she contracted an incurable disease as a result of several blood transfusions she received at the hospital. The operative complaint, dated September 26, 1991, contains nine counts and alleges negligence and breach of contract against both defendants.
On May 5, 1993, the defendant Siderides [hereinafter "defendant"] filed a motion (#124) for summary judgment on the ground that plaintiff had failed to disclose an expert within the time required by law or within the extension previously granted by the court. The plaintiff filed an opposition to this motion on May 20, 1993 and submitted a copy of her discharge sheet. The defendant submitted his own affidavit, the affidavit of Dr. Robert Schreiber, and a portion of plaintiff's deposition testimony.[1]
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506
(1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606, 616,546 A.2d 250 (1988).
"[T]he party seeking summary judgment has the burden of CT Page 3575 showing the nonexistence of any material fact." (Citation omitted; internal quotation marks omitted.) Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the non moving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
The defendant argues that plaintiff has not disclosed an expert witness and makes no claim that she plans to do so. The defendant claims that since this is a medical malpractice action, issues regarding the standard of care and proximate cause must be proved by expert testimony.
The plaintiff argues that this case falls into one of the exceptions to the rule that expert testimony is necessary in medical malpractice cases due to gross negligence and an inference of want of care. The plaintiff claims that in cases where there is gross negligence or the doctrine of res ipsa loquitur is invoked, expert testimony is not required. The plaintiff also argues that her discharge summary, which she submitted in opposition to the motion for summary judgment, is an admission against interest. Finally, the plaintiff argues that even if expert testimony is required to prove the allegations regarding negligence, the complaint also contains breach of contract allegations, which do not require expert testimony.
In response, the defendant claims that the plaintiff has not alleged gross negligence or offered any facts which support such a claim. The defendant also argues that plaintiff has not shown an express promise on the part of the defendant, and summary judgment may therefore be granted on the counts of plaintiff's complaint which purport to sound in contract as well.
The Appellate Court has noted:
 [i]n a medical malpractice action, the plaintiff must present medical expert testimony to establish that the defendants' treatment and care fell short of the required standard [of care] and that the breach proximately caused the plaintiff's injury . . . In Connecticut, both [the] breach of the standard of care and proximate cause must CT Page 3576 be proved by expert testimony . . . It is well settled that the plaintiff cannot prevail unless there was positive evidence of an expert nature from which the jury could reasonably conclude that the defendant was negligent, except where there is manifest such gross want of care or skill as to afford, of itself, an almost conclusive inference of negligence that the testimony of an expert is not necessary.
(Citations and internal quotations omitted.) Vinchiarello v. Kathuria, 18 Conn. App. 377, 381-82, 558 A.2d 262 (1989). When no such evidence is presented, the trial court may grant summary judgment. Guzze v. New Britain General Hospital, 16 Conn. App. 480,485, 547 A.2d 944 (1988); see also Bourguin v. Melsungen, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 3466322 (July 19, 1993, Hennessey, J.) (court granted summary judgment as to both hospital and doctor because plaintiff precluded from disclosing further experts); and Chipello v. Naiman, 4 Conn. L. Rptr. 190 (June 25, 1991, Meadow, J.) (court granted motion for summary judgment since no expert disclosed and plaintiff alleged mere negligence rather than gross negligence).
Plaintiff does not claim that she plans to disclose an expert witness or that she has been precluded from doing so. Plaintiff claims that her action is the type which falls into the exception to the expert testimony requirement in medical malpractice actions, one where there is "such gross want of care or skill as to afford . . . an almost conclusive inference of negligence that the testimony of an expert is not necessary." Vinchiarello v. Kathuria, supra, 382.
As noted above, in support of his motion for summary judgment, the defendant submitted his own affidavit and that of Dr. Robert Schreiber, a physician from Danbury. Both affidavits state that the defendant had no responsibility to screen the blood that plaintiff received in the transfusions. Schreiber's affidavit also states it is his opinion that defendant's management and treatment of plaintiff met the standard of care and did not cause her to contract the HIV virus. The plaintiff did not offer any counteraffidavits or other documentary materials in opposition to the motion for summary judgment pursuant to Practice Book 380 which show that genuine issues of material fact exist. The only document filed by the plaintiff in opposition to the defendant's motion for summary judgment is a CT Page 3577 copy of her discharge summary, which plaintiff describes as "an admission against interest" because it diagnoses plaintiff as HIV positive probably secondary to blood transfusions. The defendant does not dispute the fact that plaintiff was HIV positive or that she probably contracted the disease as a result of a blood transfusion. The plaintiff claims in her memorandum of law that there are factual issues with regard to whether the defendant was grossly negligent and whether the doctrine of res ipsa loquitur applies. However, plaintiff has not alleged gross negligence in her complaint. Furthermore, as noted above, the defendant's evidence is not rebutted by the mere statement that an issue of fact exists. Since the plaintiff did not disclose an expert witness, which is required to meet her burden of proof, the defendant's motion for summary judgment as to counts two and five of the complaint and as to counts three and six of the complaint insofar as they allege negligence on the part of the defendant is granted.
The plaintiff claims that summary judgment cannot be entered on counts eight and nine of the complaint because these counts contain breach of contract claims, which do not require expert testimony. These counts allege that the defendant "impliedly and/or expressly agreed with the plaintiff that the care and treatment rendered to the plaintiff for compensation would be reasonable."
[W]hether [a] plaintiff's cause of action is one for malpractice depends upon the definition of that work and the allegations of the complaint." Barnes v. Schlein, 192 Conn. 732,735, 473 A.2d 1221 (1984). "Malpractice is commonly defined as `the failure of one rendering professional services to exercise the degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . .' (Citations omitted.)" Id.
Plaintiff's "contract claim" is actually another medical malpractice claim, as it is based upon a failure to provide reasonable care and treatment rather than on a promise made by the defendant to the plaintiff. "`A fair reading of the complaint reveals that the gravamen of the suit was alleged failure by the defendant to exercise the requisite standard of care.'" DiMaggio v. Makover, 13 Conn. App. 321, 323, 536 A.2d 595 (1988), quoting Barnes v. Schlein, supra, 735-36. The complaint is "also barren CT Page 3578 of any obligation that defendant breached any contractual duty owed to her." Id. As noted above, Schreiber's affidavit states that in his opinion, the defendant's management and treatment of the plaintiff met the applicable standard of care. The plaintiff did not submit documentary materials or a counteraffidavit to rebut the defendant's affidavits. Accordingly, the motion for summary judgment as to count eight and as to count nine insofar as it is directed to this defendant is also granted.
So Ordered.
Dated at Stamford, Connecticut this 12th day of April, 1994.
WILLIAM BURKE LEWIS, JUDGE