[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 22, 1992, the plaintiff, Norwalk Eye Surgical Center, filed a collection action against the defendant, Panagiotis Kousidis, alleging that defendant owed approximately $2,100.00 for services rendered between December 17, 1986 and April 19, 1988. On June 30, 1992, the defendant filed an answer, two special defenses and counterclaim. In the special defenses, defendant asserts that plaintiff's complaint fails to state a cause of action and that plaintiff's treatment of defendant was negligent. The allegations of negligent treatment are repeated in the counterclaim. Plaintiff filed a reply to the special defenses and counterclaim on September 17, 1993, wherein a statute of limitations special defense is asserted.
On April 13, 1994, plaintiff filed a motion for summary judgment (#110) on the grounds that defendant's counterclaim is barred by the statute of limitations for medical malpractice actions found in General Statutes § 52-584. The plaintiff withdrew the original cause of action on April 22, 1994. CT Page 7026
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 246-47,618 A.2d 506 (1992); Practice Book § 384. A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin,208 Conn. 606, 616, 546 A.2d 250 (1988).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law entitle him to a judgment as a matter of law. . . ." (Citations and internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp,229 Conn. 99, 105, ___ A.2d ___ (1994). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations and internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., supra, 579. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont Plastics Corp. , supra, 105. In deciding a motion for summary judgment, the court must review the evidence in the light most favorable to the nonmoving party. Id.
The plaintiff argues that defendant's counterclaim was filed in 1992, five years after the allegedly negligent treatment, and therefore, the action is barred by the two-year statute of limitations found in General Statutes § 52-584. In response, the defendant argues that the claim falls within the exception found in the language of § 52-584 for counterclaims and that General Statutes § 52-576, rather than § 52-584 applies because the counterclaim is a breach of contract claim rather than a medical malpractice claim.
I. Whether the counterclaim is a medical malpractice claim governed by § 52-584
"Whether [a] plaintiff's cause of action is one for malpractice depends upon the definition of that word and the allegations of the complaint." Barnes v. Schlein, 192 Conn. 732, 735, 473 A.2d 1221
(1984). "Malpractice is commonly defined as `the failure of one rendering professional services to exercise that degree of skill CT Page 7027 and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . .' (Citations omitted.)" Id.
Insofar as defendant's counterclaim alleges that plaintiff was negligent in the performance of medical services and is devoid of any reference to a contract between the parties, it is actually a medical malpractice claim. The counterclaim is based upon plaintiff's alleged negligence and carelessness rather than on a promise made by the plaintiff to the defendant. "`A fair reading of the [counterclaim] reveals that the gravamen of the suit was the alleged failure by the [plaintiff] to exercise the requisite standard of care.'" DiMaggio v. Makover, 13 Conn. App. 321, 323,536 A.2d 595 (1988), quoting Barnes v. Schlein, supra, 735-36. The complaint is "barren of any allegation that the [plaintiff] breached any contractual duty owed to [defendant]." DiMaggio v.Makover, supra. Since the defendant's counterclaim is a medical malpractice claim, § 52-584 rather than § 52-576 is controlling.
II. Whether § 52-584 bars defendant's counterclaim
General Statutes § 52-584 provides that:
 [n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed.
The counterclaim exception to this statute of limitations has not been directly addressed by the Connecticut courts. The plaintiff claims that there is no available legislative history on General Statutes § 52-584. However, "`[w]hen language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction. . . .'" (Citation omitted.) Packtor v. Seppala AHO Construction Co., 33 Conn. App. 422, 428, 636 A.2d 383 (1993). It is axiomatic that when a clear, unambiguous statute is involved, CT Page 7028 construction of the statute by reference to its history and purpose is unnecessary. Id.
General Statute § 52-584 clearly states that a counterclaim may be filed "any time before before the pleadings in such action are finally closed." As noted above, in the present case, the original complaint was filed on January 22, 1992 and defendant answered the complaint and interposed the counterclaim on June 30, 1992. The pleadings were not closed until September 17, 1993, when plaintiff filed a reply to the answer, special defenses and counterclaim.
Thus, the counterclaim was filed before the pleadings were closed. Plaintiff does not address the counterclaim exception to § 52-584, arguing only that the two year statute of limitations should apply defendant's counterclaim. Plaintiff has cited no authority to support a different interpretation of § 52-584, and, thus, has not met its burden of proving that it is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment is denied.