[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Stanley and Frank Myjak, filed a two count second amended complaint on September 22, 1993, alleging that the defendant, Thomas Terrace, negligently represented the plaintiffs in defending a suit filed against them by their landlord. In the first count, the plaintiffs allege that the defendant negligently represented them in approximately forty different ways including but not limited to the following: the defendant failed to apprise the plaintiffs of the legal theory upon which he was defending the suit; he failed to apprise the plaintiffs of alternative remedies in dealing with the plaintiffs' landlord; he improperly advised the plaintiffs to abandon their apartment; he failed to examine the validity of the plaintiffs' lease; he failed to pursue with greater diligence a settlement with the plaintiffs' landlord; he failed to learn of important witnesses; he failed to discuss the landlord's suit with Frank Myjak; and he failed to properly prepare himself for trial.
The plaintiffs further allege in their second count that the defendant breached his contract of employment with the plaintiffs based on the same claims cited in the first count and, as a result, the plaintiffs suffered the loss of $7,500. In their prayer for relief, the plaintiffs seek money damages, attorney fees, costs and such other relief as equity may provide.
On June 10, 1994, the defendant filed a motion to preclude the plaintiffs from introducing any expert witnesses or documents originating from expert witnesses, concerning the proper standard of care or the defendant's breach of said standard of care in this matter, on the ground that the plaintiffs failed to comply with Practice Book § 220(D). Said motion was granted by the court, Zoarski, J., on July 18, 1994.
On August 1, 1994, the defendant filed a motion for summary judgment with respect to both counts of the complaint on the ground that the plaintiffs will be unable to prove that the defendant breached the applicable standard of care because the plaintiffs are precluded from presenting the expert testimony generally required in a suit for legal malpractice. CT Page 10570
Each party has filed an appropriate memorandum of law in support of his respective position on the motion for summary judgment. While neither party originally filed any documentary evidence, subsequent to the oral arguments the plaintiffs filed a motion to reargue for the purpose of submitting to the court certain answers of the plaintiffs to the defendants interrogatories for consideration by the court in ruling on the motion. Although the motion to reargue has not been heard, the court is accepting those interrogatories and answers thereto as part of the plaintiff's submission in support of his objections to the motion for summary judgment.
The purpose of a motion for summary judgment procedure is "to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v. OldBuckingham Corp., 205 Conn. 572, 574, 534 A.2d 1172 (1987). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to all material facts and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Leesv. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952 (1991). The party seeking summary judgment "`has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law.'" Suarez v. Dickmont Plastic Corp., 229 Conn. 99,105, ___ A.2d ___ (1994). The party opposing summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990). Nevertheless, "`[m]ere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book Sec. 380.'"Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 579,573 A.2d 699 (1990). The test for the granting of a summary judgment motion is "`whether a party would be entitled to a directed verdict on the same facts.'" Connell v. Colwell, supra, 214 Conn. 247.
The defendant argues that he is entitled to summary judgment because the plaintiffs are precluded from introducing any expert testimony, and therefore they will be unable to prove that the defendant deviated from the applicable standard of professional skill and care. The plaintiffs argue in their opposition to the motion for summary judgment that the defendant's representation of CT Page 10571 the plaintiffs constituted such a gross want of care or skill as to make it unnecessary for the plaintiffs to present expert testimony at trial.
The duty owed by an attorney in the representation of a client is "the same degree of care, skill and diligence which other attorneys in the same or similar locality and in the same line of practice would have exercised in similar circumstances." Bent v.Green, 39 Conn. Sup. 416, 420, 466 A.2d 322 (App. Sess. 1983). Malpractice is defined as "`the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . .'" Davis v. Margolis, 215 Conn. 408, 415,576 A.2d 489 (1990), quoting Barnes v. Schlein, 192 Conn. 732, 735,473 A.2d 1221 (1984).
In a malpractice action the "plaintiff has, at all times, the burden of proving that the defendant had breached his professional duty." Snyder v. Pantaleo, 143 Conn. 290, 294, 122 A.2d 21 (1956). In order for a plaintiff to prevail in a legal malpractice case in Connecticut, "he must present expert testimony to establish the standard of proper professional skill or care." Davis v. Margolis, supra, 215 Conn. 416. This requirement "serves to assist lay persons, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." Id, 416. The only exception to this requirement is where there exists "such an obvious and gross want of care and skill that the neglect is clear even to a lay person." Bent v. Green, supra, 39 Conn. Sup. 420.
 In this action alleging malpractice, the plaintiff did not produce an expert witness. It is well settled in Connecticut case law that a plaintiff "cannot prevail unless there was evidence of an expert nature from which the jury could reasonably conclude that the defendant was negligent, except where there is manifest such gross want of care or skill as to afford, of itself an almost conclusive inference of negligence that the testimony of an expert is not necessary." Puro v. Henry, 188 Conn. 301, 305, 449 A.2d 176 (1982); see also Console v. Nickow, 156 Conn. 268, CT Page 10572 270 A.2d 895 (1968); Perez v. Mt. Sinai Hospital, supra, 520. Where no expert evidence was presented, the trial court was correct in granting the defendant's motions for summary judgment.
Guzze v. New Britain General Hospital, 16 Conn. App. 480, 485
(1988).
In the opinion of the court expert testimony would be necessary to establish the applicable standard of care with respect to all of the many plaintiffs' allegations of negligence. The intricacies involved in the area of landlord-tenant law "go well beyond the scope of what a lay person could fairly construe as negligent." Bent v. Green, supra, 39 Conn. Sup. 422. Therefore, in the absence of evidence of the professional standard of care owed, which is essential to a prima facie case of legal malpractice, the defendant's motion for summary judgment must be granted as to the first count.
The plaintiffs allege in the second count for breach of contract the same facts which support their claim for legal malpractice based on negligence. "To succeed in a cause of action for negligence based on the breach of a contractual duty the plaintiffs must prove the necessary elements of negligence to the extent and nature of the duty owed is defined by the contract."Simonson Properties v. Conway, Superior Court, judicial district of New London at Norwich, Docket No. 096833 (June 9, 1993, Teller, J.). Expert testimony would be required to prove the allegations of the second count for the same reasons it is needed on the first count.
Accordingly, for the reasons above stated, the defendant's motion for summary judgment on the first and second counts of the second revised complaint is granted.
William L. Hadden, Jr. Judge