[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The defendant in the above captioned case, Joseph Weiss, M.D., has moved this court to enter summary judgment in his favor on the ground that there are no genuine issues of material fact. The plaintiff, Executor of the Estate of Susan Condon, filed a medical malpractice action on behalf of the decedent. The plaintiff alleges the following: In March or April of 1990 decedent noticed a small lesion on the plantar aspect of her left foot. On or about June 20, 1990, on the advice of her family physician, decedent consulted defendant who treated the lesion by shaving the callous which surrounded the wart and prescribing salicylic acid to soften such callous. Less than three months later, i.e., on September 12, 1990 the lesion was diagnosed by another doctor as a malignant melanoma. The decedent died on April 9, 1992.
The plaintiff alleges that the defendant's diagnosis was a misdiagnosis; that by the time a correct diagnosis was made, the cancer had metastasized in numerous other parts of the decedent's body and the disease had progressed to such an extent that she could not be cured. The plaintiff alleges that the defendant was negligent in that he failed to properly identify and diagnose the lesion and after removing a portion of said lesion, he failed to send it to a pathology lab for analysis; he failed to conduct the proper testing; failed to refer the decedent to a proper specialist; failed to obtain the decedent's informed consent by failing to disclose the risks known to him, in particular the risks that the lesion could in fact be a malignant melanoma, and that he failed to CT Page 2798 use that degree of care and skill used by physicians engaged in the practice of dermatology in Connecticut in 1990, and that as a result of the negligence and carelessness of the defendant, the decedent suffered the loss of a large area of her left foot, the spread of cancer to numerous parts of her body, the loss of the chance of a longer life, the loss of chance of a more productive life and a premature death; that she suffered great physical, mental and emotional pain and anguish as well as the loss of her life.
On September 28, 1993, defendant served on plaintiff Interrogatories and Requests for Production. Interrogatory Number 55 sought the identity of plaintiff's experts and the subject matter and substance of the facts and opinions to which the plaintiff's experts are to testify. Plaintiff did not object to this interrogatory.
On October 28, 1993, the day the plaintiff's responses were due, plaintiff filed a Motion for Extension of Time within which to respond to defendant's discovery requests. The plaintiff's motion was granted, extending plaintiff's compliance date to January 1, 1994.
Upon the passing of the January 1, 1994 deadline, defendant filed a Motion for Nonsuit in light of the plaintiff's failure to file timely responses to the discovery requests.
On February 7, 1994, the court (Allen, J.) ordered plaintiff to respond to defendant's discovery requests on or before February 28, 1994.
On March 25, 1994, six months after the requests were initially served upon him, plaintiff submitted incomplete responses to defendant's discovery requests.
On July 29, 1994, defendant filed a Motion to Compel seeking a court order to compel the plaintiff to respond to Interrogatory Number 55 concerning the identity of his experts.
On September 26, 1994, counsel for both parties appeared before the court (Hale, J.), to argue defendants Motion to Compel. In opposition to defendant's motion, plaintiff argued that he could not disclose his experts until he had completed CT Page 2799 the defendant's deposition.
The court ruled that the defendant's deposition had to proceed within thirty (30) days from the date of the short calendar hearing, September 26, 1994; and that the plaintiff had to disclose his experts thirty (30) days thereafter.
To accommodate plaintiff's counsel's vacation plans, the defendant's deposition took place on November 2, 1994, just over thirty days after the September 26, 1994, short calendar hearing.
Accordingly, pursuant to the court's prior ruling, plaintiff's disclosure of experts was due on or before December 2, 1994.
Plaintiff failed to disclose any experts on or before December 2, 1994 and consequently failed to comply with the court's imposed deadline.
On December 5, 1994 the defendant filed a motion for judgment of dismissal in accordance with Practice Book Section 231 citing the plaintiff's failure to comply with the court's order compelling him to disclose his experts within 30 days of the defendant's deposition.
Practice Book Section 220(A) is optional in nature but gives to either party the right to discover facts and opinions held by experts, even though acquired or developed in anticipation of litigation or for trial. A person objecting to interrogatories filed under Section 220(A) must do so in accordance with the procedure outlined in Section 225 of the Practice Book. Such action was never taken by the plaintiff. When the failure to respond was brought to the attention of the court a second time and after additional time had been granted to the plaintiff, he still failed to provide the information which was requested and again failed to follow the procedure outlined in Section 225.
While Section 220(A) is optional in nature allowing either party to demand this information, Section 220(D) was passed "In addition to and notwithstanding the provisions of subsections A, B and C," and is mandatory in nature. It requires revealing such expert information within 60 days of the case being claimed for trial whether or not there has been CT Page 2800 an interrogatory filed under Section 220(A). Although the plaintiff now seems to be relying upon Section 220(D) claiming that he still has 60 days from a claim to the trial list to produce his expert, he is clearly in default of Sections 220(A) and 225 and two court orders.
Considering the time element involved, the defiance of the court orders and the continued failure to provide the information required, and weighing same against the continued and timely action of the defendants, the court on January 4, 1995 ordered that plaintiff be precluded from offering such expert testimony as provided for in Section 231 of the Practice Book.
The trial court may "appropriately render summary judgment when the documents and evidence submitted in support of the motion demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." Practice Book Section 384; Barnes v. Schlein, 192 Conn. 732,738 (1984). The test of the granting of a motion for summary judgment is "whether a party would be entitled to a directed verdict on the same facts." Connell v. Cowell, 214 Conn. 242,247 (1990). In a medical malpractice case such as this, in order to prevail, the plaintiff must prove (1) the requisite standard of care for the treatment, (2) a deviation from such standard of care and (3) a causal connection between the deviation from the standard of care and the claimed injury.William Z. Chameides, 226 Conn. App. 818, 822 (1992). Where the claim involves a wrongful death action the claimed negligence must be the legal cause of death in order for the plaintiff to recover. Grody v. Tulin, 170 Conn. 443, 447
(1976).
In Connecticut both the standard of care and proximate causation must be proved by expert testimony. Mather v.Griffin Hospital, 207 Conn. 125, 130-31 (1988). Although there is an exception to this rule which is such gross want of care or skill as to afford of itself an almost conclusive inference of negligence, Puro v. Henry, 188 Conn. 301, 305
(1982), counsel for plaintiff in this case admitted at a hearing before the court that this exception is not applicable to this case. In addition, based upon the complaint, the alleged conduct of the defendant could not be said to constitute gross negligence. CT Page 2801
In cases such as this where the plaintiff has been precluded from offering expert testimony, Connecticut courts have consistently rendered summary judgment in favor of the defendant. Guzze v. New Britain General Hospital,16 Conn. App. 480 (1988); Willis v. Stamford Hospital, 1994 W.L. 146406 (Conn.Super. (1994). See also, cases where the courts have directed verdicts in favor of defendants in medical malpractice actions where the plaintiff has failed to present appropriate expert testimony. Grody v. Tulin, 170 Conn. 443
(1976); Vinchiarello v. Kathuria, 18 Conn. App. 377 (1989);Perez v. Mount Sinai Hospital, 7 Conn. App. 514 (1986).
Since the plaintiff for good reason had been precluded from offering any expert testimony at trial, the plaintiff cannot establish the standard of care, a deviation from the standard of care or even that the defendant's conduct caused the plaintiff decedent's death. Plaintiff cannot sustain his burden of proof and therefore the defendant is entitled to judgment as a matter law.
Motion for Summary Judgment granted.
Hale, State Trial Referee