[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiff/defendant on the counterclaim, Ronald E. Pressley, Jr., has moved for summary judgment claiming that there is no genuine issue as to any material fact and that he is entitled to judgment as to liability against the defendant/counterclaimant Transportation General, Inc.
BACKGROUND
The plaintiff alleges that on September 5, 1991, he and the defendant, Raul Santiago, were involved in an automobile accident. Santiago, at the time of the accident, was employed as a taxi cab driver by the defendant, Transportation General, Inc. (Transportation). On September 10, 1993, the plaintiff filed a one count complaint sounding in negligence against both defendants. On December 10, 1993, the defendants filed an answer to the complaint. On December 13, 1993, the defendants filed an amended answer that included 1) a special defense alleging that plaintiff's damages were caused by his own negligence and 2) a counterclaim by Transportation. Transportation's counterclaim, also sounding in negligence, alleges that the plaintiff paid certain sums to Transportation for damage to its vehicle but still owed money to Transportation for its loss of the use of the taxi cab.
On June 6, 1994, the plaintiff filed a reply to the defendants' special defense and on June 9, 1994, the plaintiff filed an answer to the counterclaim, and on July 12, 1994, the plaintiff filed an amended answer and two special defenses to Transportation's counterclaim. The first special defense alleges that the sums paid out to Transportation amounted to an accord and satisfaction of the claim that Transportation has against the plaintiff. The second special defense alleges that CT Page 4630 Transportation's counterclaim is barred by the statute of limitations provision under General Statutes § 52-584. On October 26, 1994, the plaintiff amended his answer to include a third special defense alleging that Transportation's damages were caused by its own negligence. On November 9, 1994, the defendants filed a reply to the plaintiff's special defenses.
On December 21, 1994, the plaintiff filed a motion for summary judgment as to liability and a memorandum in support against Transportation's counterclaim. The plaintiff moves for summary judgment on the ground that the parties had entered into a valid contract of accord and satisfaction and further moves on the ground that the counterclaim is barred by the Statute of Limitations pursuant to General Statutes § 52-584. In his memorandum in support of the motion for summary judgment the plaintiff argues that on September 5, 1991, the plaintiff's insurer issued a draft to Transportation in the amount of $750.00 dollars. The plaintiff further asserts that the draft stated that it was a "full and final payment" and that Transportation endorsed and deposited the check. The plaintiff's argument is that the above actions constituted an accord and satisfaction of any claim that Transportation might have as a result of the accident. In regard to the statute of limitations claim, the plaintiff argues that negligence claims have to be brought within two years as required under General Statutes § 52-584 and that Transportation's counterclaim failed to come within this time limit.
No memorandum in opposition to the plaintiff's motion for summary judgment has been filed by Transportation.
LEGAL DISCUSSION
Pursuant to Practice Book § 384, summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105,639 A.2d 507 (1994). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. "There are situations . . . which do not lend themselves to summary disposition. `It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have CT Page 4631 drawn deal with questions of motive, intent and subjective feelings and reactions.'" Nolan v. Borkowski, 206 Conn. 495, 505,538 A.2d 1031 (1988), citing Batick v. Seymour, 186 Conn. 632, 645-46,443 A.2d 471 (1982).
I. Statute of Limitations
General Statutes § 52-584 states in relevant part that "[n]o action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered . . . except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed." The statute expressly states that a counterclaim may be filed any time before the pleadings are closed. "Where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Warkentin v. Burns, 223 Conn. 14, 22, 610 A.2d 1287
(1992). In Norwalk Eye Surgical Center v. Kousidis, 9 CSCR 877
(July 26, 1994, Lewis, J.), the court found that a counterclaim alleging medical malpractice that was filed before the plaintiff's reply but well after the normal statutory period for malpractice claims was, nevertheless, timely filed. In the present case, since Transportation's counterclaim was filed before the plaintiff filed his reply, the counterclaim preceded the closing of the pleadings and was thus timely filed.
II. Accord and Satisfaction
The plaintiff also moves for summary judgment on the ground that a valid accord and satisfaction exists which bars the defendants' counterclaim. The plaintiff argues that his payment to Transportation of the $750.00 dollars by way of check stating "full and final payment" resulted in an accord and satisfaction of all potential claims Transportation may have against the plaintiff resulting from the September 5, 1991 accident. The plaintiff claims the accord and satisfaction occurred when Transportation accepted and deposited the check.
"An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. . . . The defense of accord requires that the defendant allege and prove a new agreement with a new consideration." (Citations omitted; internal quotation marks omitted.) Gillis v. Gillis, CT Page 463221 Conn. App. 549, 552, 575 A.2d 230 (1990). In the present case, the plaintiff has failed to show any previous agreement or debt from which the new agreement, or accord, could derive. The accident itself did not create any debt or liability on the part of either the plaintiff or Transportation. As stated, the plaintiff, in his memorandum in support of the motion for summary judgment alludes to a contractual agreement to settle a potential suit between the plaintiff and Transportation but has not established the creation of an accord.
Furthermore, even if the court were to determine that the potential liability established as a result of an accident could be the basis of a future accord agreement, the plaintiff has failed to establish that both parties intended to create an accord. "Without a mutual assent, or meeting of the minds, there could be no accord. . . . Whether there has been a mutual assent between the parties is a question of fact for the jury to decide." (Citations omitted; internal quotation marks omitted.) Id. Therefore, the plaintiff's argument that the doctrine of accord and satisfaction bars Transportation's counterclaim is unavailing on this summary judgment motion.
Based on the foregoing, the plaintiff's (defendant on the counterclaim) motion for summary judgement (#119) is denied.
So ordered.
Michael Hartmere, Judge