[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (#102)
The plaintiff, Christine Smith, administratrix of the Estate of Lucia Kennedy, filed a complaint on November 7, 2000, against the defendant, Hillcrest Healthcare, Inc., d/b/a Hillcrest Healthcare Center (healthcenter). As alleged in the complaint, Lucia Kennedy was being treated for respiratory problems at the healthcenter during October 1998. Kennedy died of cardiac arrest on October 22, 1998, after the healthcenter allegedly failed to recognize, properly monitor, and administer proper treatment to her. Count one alleges a claim for breach of contract. Count two alleges a violation of the Connecticut Unfair Trade and Practices Act (CUTPA). Count three alleges a breach of the implied covenant of good faith and fair dealing and count four alleges negligent misrepresentation.
On February 6, 2001, the defendants filed a motion to strike the complaint on the ground that the plaintiff failed to attach a certificate of good faith in compliance with General Statutes § 52-190a. The plaintiff filed an opposition to the defendant's motion on March 23, 2001. The defendant filed a reply memorandum on March 27, 2001. This court heard oral argument at short calendar on April 2, 2001, and now issues this memorandum of decision.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000).
The defendant moves to strike the entire complaint on the ground that CT Page 10402 it is legally insufficient. The defendant argues that the complaint as a whole actually sounds in medical malpractice, and the complaint as a whole is legally insufficient because the plaintiff failed to file a good faith certificate, as required by General Statutes § 52-190a. The plaintiff argues that her allegations clearly sound in breach of contract, CUTPA, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation. The plaintiff argues that her complaint does not involve medical malpractice, and she was not required to file a good faith certificate, thus her complaint is legally sufficient.
In an action for medical malpractice, the plaintiff is required to attach a certificate of good faith to the complaint pursuant to General Statutes § 52-190a.[1] "Our cases explain that the failure to attach a certificate of good faith pursuant to § 52-190a, subjects the case to a motion to strike the complaint pursuant to Practice Book [§ 10-39] for failure to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Gabrielle v. Hospital ofSt. Raphael, 33 Conn. App. 378, 384, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994).
The plaintiff argues that the complaint does not sound in medical malpractice and a good faith certificate was not necessary because expert testimony is not required to establish the standard of care. The defendant argues that the characterization of a claim as ordinary negligence or medical malpractice does not turn on whether expert testimony is required.[2]
In the present case, the plaintiff has alleged and is making an argument similar to the one made by the plaintiff in Haynes v. Yale-NewHaven Hospital, 243 Conn. 1 7, 699 A.2d 964 (1997). The plaintiff, Smith, alleges that the defendant breached its contract with the plaintiff, breached the implied covenant of good faith and fair dealing, violated CUTPA and misrepresented itself as a competent nursing home in that it "failed to: (a) locate the decedent next to the nurse's station upon her return, which is the protocol; (b) recognize the severity of the decedent's condition despite her complaints she could not breathe almost two hours before it was discovered she was in cardiac arrest; (c) contact a physician to administer the proper treatment to the decedent based on her complaint; (d) failed to properly monitor her status despite knowing the severity of her condition, her inability to breathe, her bronchitis and the condition of her tracheotomy; and (e) failed to perform its contractual duties to the decedent as required by the normal standards of nursing home care." (Complaint, Count one, ¶ 12.) The court will address each count of the complaint and determine whether they sound in medical malpractice. CT Page 10403
A breach of contract claim against a health care provider requires allegations of a breach of a contractual duty and that the parties contracted for a specific result, Rumbin v. Baez, 52 Conn. App. 487, 491,727 A.2d 744 (1999); see also DiMaggio v. Makover, 13 Conn. App. 321,324, 536 A.2d 595 (1988). In Rumbin v. Baez, supra, 52 Conn. App. 491, the court found that the breach of contract claim was "essentially a medical malpractice claim clothed in the language of contract," and granted the motion to strike the count. In the present case, the plaintiff fails to allege a breach of a contractual duty beyond the standard of care for a medical professional or that the parties contracted for a specific result. Thus, the breach of contract claim is actually a medical malpractice claim. Haynes v. Yale-New Haven Hospital, supra, 243 Conn. 34.
The same analysis can be applied to count three, which alleges that "the defendant's actions tortiously breached the implied covenant of good faith and fair dealing." (Complaint, Count three, ¶ 13.) T6 sufficiently allege a claim for breach of the implied covenant of good faith and fair dealing, the plaintiff must allege three essential elements: "first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiffs right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." ShareAmerica, Inc. v. Ernst Young, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 150132 (July 2, 1999, Sheldon, J.). The plaintiff has not alleged that the defendant was acting in bad faith, therefore, count three does not set forth a claim for breach of the implied covenant of good faith and fair dealing, but has set forth a claim for medical malpractice.
In count two, the plaintiff alleges that the defendant violated CUTPA "by committing immoral, unscrupulous, unethical, and oppressive behavior . . . as set forth in Paragraph 12 of the First Count." (Complaint, Count two, ¶ 14.) The Supreme Court, in Haynes v. Yale-New HavenHospital, supra, 243 Conn. 17, determined whether an action labeled as a CUTPA claim was indeed a valid CUTPA claim or whether it was a medical malpractice claim. In Haynes v. Yale-New Haven Hospital, the plaintiff argued that the hospital had misrepresented itself when it held itself out as a medical center because it failed to meet the applicable standards for a major trauma center. Id., 34. The court found that Yale-New Haven's representation was "simply what all physicians and health care providers represent to the public, that they are licensed and CT Page 10404 impliedly that they will meet the applicable standards of care. If they fail to meet the standard of care and harm results, the remedy is not one based upon CUTPA, but upon malpractice." Id., 38.
"Medical malpractice claims recast as CUTPA claims cannot form the basis for a CUTPA violation." Id., 34. Only the entrepreneurial or commercial aspects of the medical profession are subject to CUTPA. Id. "[T]he touchstone for a legally sufficient CUTPA claim against a health care provider is an allegation that an entrepreneurial or business aspect of the provision of services aside from medical competence is implicated, or aside from medical malpractice based on the adequacy of staffing, training, equipment or support personnel. . . . To hold otherwise would transform every claim for medical malpractice into a CUTPA claim." Id. The plaintiff has not alleged conduct of the defendant that relates to an entrepreneurial or business aspect. Therefore, count two does not set forth a claim for violation of CUTPA and is actually a medical malpractice claim.
Similarly, count four sounding in negligent misrepresentation sets forth a medical malpractice claim because the plaintiff alleges that "the defendant represented and held itself out as a competent nursing home care facility. . . . Said representations were incorrect, in that the defendant failed to provide the basic care as set forth in Paragraph 12 of the first count." (Complaint, Count four, ¶¶ 13 and 14.) This allegation is the type of allegation that the court in Haynes v. Yale-NewHaven Hospital, supra, 243 Conn. 38, found to be one of medical malpractice and the representation is one that is "simply what all physicians and health care providers represent to the public — that they are licensed and impliedly that they will meet the applicable standards of care." Therefore, count four does not set forth a claim for negligent misrepresentation and is actually a medical malpractice claim. Id., 34.
 CONCLUSION
The plaintiff has alleged a medical malpractice claim. The claims of breach of contract, violation of CUTPA, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation are based on a medical malpractice claim. The plaintiff was required to file a certificate of good faith because this case is a claim for medical malpractice. The plaintiff has failed to file the required certificate rendering the complaint legally insufficient. Therefore, the defendant's motion to strike the entire complaint is granted.
 ___________________ MARTIN, JUDGE
CT Page 10405